Honorable Joe Edd GRIMM, Justice of
the Peace, Petitioner,

v.

Edward Ray GARNER, Respondent.

No. B–8384.

Supreme Court of Texas.

Oct. 24, 1979.

Rehearing Denied Dec. 19, 1979.

Felipe Reyna, Crim. Dist. Atty., Frank M.
Fitzpatrick, Jr. and Randall L. Rogers, Asst.
Crim. Dist. Attys., Waco, for petitioner.

Clark & Vannatta, Richard E. Miller and
Bill Vannatta, Waco, for respondent.

SPEARS, Justice.

Petitioner, Joe Edd Grimm, a Justice of
the Peace, appeals from the issuance of a
writ of mandamus by the District Court of
McLennan County commanding him to
grant a motion to set aside a criminal com-
plaint pending in his justice court against
Respondent, Edward Ray Garner. The
power of the district court to issue the writ
was upheld by the court of civil appeals.
577 S.W.2d 573. The question before us is
whether Garner's right to appeal from the
justice court to the county court at law by
trial de novo provided him with an ade-
quate remedy at law. We hold that it does,
reverse the courts below, vacate the writ of
mandamus, and order this cause dismissed.

On April 14, 1978, Edward Ray Garner
was charged with speeding in a complaint
filed in Judge Grimm's justice court in
McLennan County. A jury trial on August
4, resulted in a mistrial. On September 12,
more than thirty days after the mistrial,
Garner moved to set aside the complaint
under the provisions of the Speedy Trial
Act, Tex.Code Crim.Pro.Ann. art. 32A.02
(Vernon 1979). The pertinent provisions of
that act read:

Section 1. A court shall grant a mo-
tion to set aside an indictment, informa-
tion, or complaint if the state is not ready
for trial within: . . . (4) 30 days of
the commencement of a criminal action if
the defendant is accused of a misdemean-
or punishable by a fine only.

Sec. 2. . . . (b) If a defendant is
to be retried following a mistrial, an or-
der granting a new trial, or an appeal or
collateral attack, a criminal action com-
mences for purposes of this article on the
date of the mistrial, the order granting a
new trial, or the remand.

Judge Grimm overruled Garner's motion to set aside the complaint on September 21, whereupon Garner brought this action in the district court for a writ of mandamus to compel Judge Grimm to discharge him. The district court granted the writ of mandamus.

The court of civil appeals affirmed, holding that Article V, Section 8 of the Constitution of Texas, which vests district courts and the judges thereof with jurisdiction to issue writs of mandamus, gave the district court the authority to issue a writ of mandamus compelling Judge Grimm to perform the act of setting aside the criminal complaint filed against Garner. Citing *Thorne v. Moore*, 101 Tex. 205, 105 S.W. 985, 986 (1907), the court held that it was not necessary for the writ to be issued in the enforcement of the court's jurisdiction, because the constitutional grant of authority was a grant of distinct jurisdictional power independent of other jurisdictional provisions.

A mandamus proceeding is a civil proceeding rather than a criminal action. *Hogan v. Turland*, 428 S.W.2d 316 (Tex.1968). District courts are empowered by the Texas Constitution "to issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction. . . ." Tex.Const. art. V, § 8. We have interpreted that power to be a grant of distinct jurisdiction, carrying the substantive power to issue the writs named in all cases in which courts of law or equity under settled rules would have the power to issue them, whether they be necessary to enforce some jurisdiction given by other constitutional provisions or not. *Thorne v. Moore, supra.*

Article V, Section 3 of the Texas Constitution confers jurisdiction on this court to issue writs of mandamus in both civil and criminal cases. *Pope v. Ferguson*, 445 S.W.2d 950, 952 (Tex.1969); *Stakes v. Rogers*, 139 Tex. 650, 165 S.W.2d 81 (1942). In exercising this jurisdiction, we have consistently held that this court has no jurisdiction to issue writs of mandamus to supervise or correct rulings of a trial judge on motions or pleas which are mere incidents in the normal trial process when there is an adequate remedy by appeal for their correction. *Pope v. Ferguson, supra*, at 954. Trial courts that have issued extraordinary writs violative of this rule have also been held to be without jurisdiction to act. *See Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (1958) (district court writ of prohibition issued to prohibit county judge from trying a criminal case); *Brady v. Fry*, 517 S.W.2d 304 (Tex.Civ.App.—Beaumont 1974, no writ) (district court writ of mandamus issued to require municipal court to conduct a hearing on motion).

By amendment to Article V, Section 5 of the Constitution, effective January 1, 1978, the jurisdiction of the Texas Court of Criminal Appeals was expanded to confer concurrent jurisdiction to grant writs of mandamus in cases "regarding criminal matters." *Thomas v. Stevenson*, 561 S.W.2d 845, 847 (Tex.Cr.App.1978). That court recently announced its test for the issuance of writs of mandamus in criminal cases. In *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr. App.1979), involving the Speedy Trial Act, the court applied the two traditional limitations on writs of mandamus. First, mandamus is not available if petitioner has an adequate remedy at law. Second, mandamus is not available to compel a discretionary as distinguished from a ministerial act. That court has also said that while it has the jurisdiction to issue a writ of mandamus in criminal cases, it is only available when no other adequate remedy at law is available. *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978). This is consistent with the holdings of this court in *Pope v. Ferguson* and *Winfrey v. Chandler*. In a criminal case, this court adopts as a matter of comity the test announced by the court of criminal appeals. *Pope v. Ferguson, supra.*

It is Garner's contention that he has no adequate remedy at law from Judge Grimm's overruling of his motion to set

aside the complaint. Since the offense with which he is charged is a class C misdemeanor, original jurisdiction is vested in the justice courts, and appeal is to the county court by trial de novo. Tex.Code Crim.Pro. Ann. art. 44.17 (Vernon 1979). Garner argues that in a trial de novo, none of the rulings of Judge Grimm will be reviewed by the county court because the case is tried "as if the prosecution had been originally commenced in that [county] court." Garner further argues that if he is found guilty in county court and assessed a fine of $100 or less, there would be no right of appeal to the court of criminal appeals to correct any error committed by Judge Grimm. *See* *Williams v. State*, 170 Tex.Cr.R. 121, 339 S.W.2d 63 (Tex.Cr.App.1960); Tex.Code Crim.Pro.Ann. art. 4.03 (Vernon 1977).

We hold that Garner's right to appeal to the county court or county court at law is an adequate remedy, and the mandamus issued by the district court is therefore an improper remedy here. Since the appeal to the county court would be by trial de novo, Garner would have the right to urge his same motion based on the Speedy Trial Act in the county court. The original court papers of the justice court case filed in the county court under the provisions of Article 44.18 [1] of the Code of Criminal Procedure can form the basis of such a motion. The rulings of the county court on the motion would then be reviewable by the court of criminal appeals.

Judgments of the courts below are reversed, the writ of mandamus issued by the district court is vacated, and the cause is ordered dismissed.

---

1. Art. 44.18 reads:

In appeals from justice and corporation courts, all the original papers in the case, together with the appeal bond, if any, and together, with a certified transcript of all the proceedings had in the case before such court shall be delivered without delay to the clerk of the court to which the appeal was taken, who shall file the same and docket the case.