**Ex parte Jack Warner BEECH, Appellant.**

**No. 60175.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 28, 1979.

Rehearing En Banc Denied Jan. 16, 1980.

OPINION

W. C. DAVIS, Judge.

This is an application for post-conviction writ of habeas corpus.

Petitioner was convicted in Justice Court of Wood County of the misdemeanor offense of speeding on June 17, 1970. Punishment was assessed at a $22.00 fine. Thereafter, petitioner filed an appeal bond, in order to bring an appeal, which would be a trial de novo, in the County Criminal Court of Wood County. The record reflects that trial was set April 26, 1971, July 19, 1971, September 27, 1971, and October 15, 1974.

Trial de novo eventually commenced in County Court on July 13, 1978. Prior to trial, petitioner filed a motion to dismiss, alleging that he had been denied a speedy trial in the cause. The trial court denied the motion and found appellant guilty of the offense on this date.

Petitioner filed a writ of habeas corpus in the trial court on November 15, 1978, alleging that he was restrained by virtue of an arrest warrant issued by the County Court of Wood County, by virtue of the judgment and sentence wherein he was found guilty of the offense of speeding. He also alleged that he had been denied his right to a speedy trial in that cause.

The trial court found that petitioner was so restrained in his liberty, and further found that:

"Applicant wholly failed to pay fine and court cost as adjudged by the Court; that Applicant wholly failed to apply for a new trial within the ten (10) day period prescribed by law; that Applicant wholly failed to appeal such conviction within the thirty (30) day period prescribed by law; that Applicant by virtue of evidence presented by the State of Texas at the time of said trial, waived his right to a speedy trial."

The trial judge recommended the denial of the writ, finding that "by virtue of evidence presented by the State of Texas at the time of trial, [petitioner] waived his right to a speedy trial."

Robert Huttash, State's Atty., Austin, for the State.

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The same right is assured by Article I, Section 10 of the Texas Constitution and Article 1.05, Vernon's Ann.C.C.P.

■ The determination of whether an accused has been denied the right to a speedy trial is to be made by use of a "balancing test" which was set out in *Barker v. Wingo*, supra. In each individual case, the Court requires consideration of the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. See also, *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978); *Carney v. State*, 573 S.W.2d 24 (Tex.Cr.App. 1978); *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1976).

The length of the delay in the instant case merits analysis. See *Barker v. Wingo*, supra. Petitioner received the speeding ticket on June 13, 1970. Judgment was entered in the Justice Court on June 17, 1970, some five days later. Appeal bond was executed in the Justice Court on June 22, 1970, and filed in the County Court on August 20, 1970. It is at this point, when petitioner asserted his right and request for a trial de novo, that we begin our consideration of the length of delay. The delay between the date when the appeal bond was filed in County Court and the date of the second trial was a little less than eight years.

The record next reflects that petitioner requested the County Attorney to pass the case on April 26, 1971, some eight months later. Thereafter, the record reflects setting dates of July 19, 1971, September 27, 1971, and again on October 15, 1974, over four years after the appeal bond was filed.

There is no indication in the record why trial was re-set the last three times after petitioner was notified of the setting date. There is nothing else in the record to reflect what transpired from this time until June 13, 1978, when petitioner received his trial de novo and was again found guilty.

The reason for the delay in this case is not well developed in the record. Thus, it is unclear whether the delay is the responsibility of the prosecution, or of the petitioner, or of both.

In our examination of the record, we deem it significant that petitioner never asserted his right to a speedy trial during this period of time. The record reflects that petitioner is an attorney, who, it appears, partially represented himself in some aspects of this case. Thus, we cannot say that petitioner was unaware of the status of his pending case. Indeed, it may well be that petitioner's failure to prosecute his right to a trial de novo in County Court was a knowing and deliberate decision, motivated by a strategical tactic to maximize the chance that his case would never come to trial. Further support for this may be found in petitioner's own motion to dismiss, in which he stated that his own law office "routinely discards traffic files that have not been tried after four years." While not relevant to our analysis of the delay between the first and second trials, we note that after conviction in the County Court petitioner did not file a motion for new trial nor did he give notice of appeal in that cause, nor did he pay his fine.

■ We next examine the prejudice to petitioner as a result of the delay. In general, there are three interests to be considered in determining prejudice to the defendant: prevention of oppressive pretrial incarceration; minimizing the anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Barker v. Wingo*, supra; *Carney v. State*, supra; *Turner v. State*, supra. Petitioner was certainly not incarcerated during the period of time between his filing his request for trial de novo in County Court and his de novo trial. Any anxiety and

concern which may have resulted from the delay must be considered in light of the fact that the prosecution was based upon a speeding ticket which resulted in a $22.00 fine at his first trial. We do not deem this a particularly serious or grave offense.

Petitioner does contend that the delay impaired his defense, resulting in prejudice to him. He asserts in his petition:

"The passage of time has caused Defendant and his witnesses to have less recall of the transaction alleged to have occurred on the date charged in the complaint; Defendant has discarded his file on this matter, as Defendant's law office routinely discards traffic files that have not been tried after four years. Defendant therefore, does not have adequate information regarding the transaction to properly try this cause."

He also contended that he would not be able to properly cross-examine witnesses against him.

While it is reasonable to assume that petitioner was somewhat prejudiced by the delay, it appears that one reason therefore was because he, himself, discarded his file on the case. Further, the fact that the trial which petitioner sought was a trial de novo merits some consideration. Petitioner had already had one trial on the offense and had had an opportunity to present his evidence and observe the prosecution present theirs. This fact, plus the fact that petitioner discarded his file on his own case, may be considered in mitigation of any prejudice he suffered as a result of the lapse of time.

In applying the balancing test of *Barker v. Wingo*, we consider: there was a substantial delay between the appeal filed in County Court and the trial de novo; however, the prosecution set the cause for trial several times during this period; the reason why trial was not had on these dates does not appear in the record; petitioner is an attorney, well aware of the nature of legal proceedings; petitioner never asserted his right to a speedy trial during this period of time; the decision not to urge his right to a speedy trial de novo may have been a deliberate decision, calculated to result in a dismissal of the cause; petitioner's own action in discarding his file on the cause, and the fact that petitioner had already had a trial in the cause may be considered in mitigation of any prejudice he suffered as a result of the delay. In applying the balancing test of *Barker v. Wingo*, we conclude that petitioner has failed to show that he was denied his right to a speedy trial.

The relief sought is denied.

ROBERTS and PHILLIPS, JJ., concur in the result.