**Walter John SIMONSEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–277–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 28, 1983.

Stephen A. Doggett, Richmond, for appellant.

Donald Bankston, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for unauthorized use of a motor vehicle.

The jury found Walter John Simonsen (Simonsen or appellant) guilty as charged in the indictment. Punishment was assessed by the court at eight years imprisonment. Simonsen contends he was denied a speedy trial. He further challenges the sufficiency of the evidence to support his conviction. We affirm.

In the early morning hours of May 31, 1981, a Wharton County sheriff found appellant slumped over the steering wheel of a parked 1979 Buick. The sheriff ran a license plate check and discovered that the plates on the car were registered to a 1967 Lincoln. On further investigation, it was discovered that the car had been stolen from Joe Denton Company Used Cars (Joe Denton Buick), a Fort Bend County car dealership. Appellant was then arrested and taken to the El Campo city jail in Wharton County. Later, he was transferred to the Fort Bend County jail where he was released on bond on June 1, 1981. On June 9, 1981, appellant was arrested in Victoria County on another charge and was jailed in Victoria County pending trial on that charge. On June 16, 1981, while he was in jail in Victoria County, a Fort Bend County grand jury indicted appellant for unauthorized use of a motor vehicle. Appellant was returned to Fort Bend County on October 7, 1981, and was tried on March 15, 1982.

In his first ground of error, appellant contends the trial court erred in denying his

motion to dismiss for failure to provide a speedy trial. Specifically, he argues the state failed to announce ready for trial within the time required by law. In the alternative, he alleges the state was not ready for trial within the prescribed time. He further charges that the period of time from his arrest in Wharton County to trial of the cause in Fort Bend County was a delay which violated his right to a speedy trial under the. Sixth and Fourteenth Amendments to the United States Constitution.

TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 1(1) (Vernon Supp.1982–1983), provides that a motion to dismiss for failure to provide a speedy trial in a felony case shall be granted if the state is not ready for trial within 120 days of the commencement of the criminal action. The state first announced it was ready for trial on the Fort Bend County charge on October 23, 1981, approximately 145 days after appellant's arrest. It again announced "ready" on December 1, 1981. Appellant's *pro se* motion to dismiss for failure to provide a speedy trial was filed on January 4, 1982. A hearing on the motion was held March 12, 1982.

■ In computing the 120 day period *within which the state must be ready for trial, a period of delay resulting from detention of the defendant in another jurisdiction shall be excluded if the state is aware of the detention and exercises due diligence to have the defendant returned for trial.* TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 4(9) (Vernon Supp.1982–1983). The record reflects that on or about June 20, 1981, the Fort Bend County District Attorney's office (District Attorney's office) was informed that appellant was being held in Victoria County pending trial on charges filed there. Several days later, the District Attorney's office called Victoria County officials to confirm that appellant was being held there; they then requested that appellant be put "on hold." The record further reflects that an *alias capias* was issued for appellant's arrest and return to Fort Bend County. Appellant was subsequently returned to Fort Bend County on October 7,

1981. We find this evidence sufficient to show the state was aware of appellant's detention in Victoria County and that it exercised due diligence to have him returned for trial. Therefore, this period of delay is not attributable to the state. Excluding the time appellant was detained in Victoria County, we find the state's announcements of "ready" on October 23, 1981 and December 1, 1981, were within the 120 day period.

■ A declaration by the state that it is ready for trial is a prima facie showing of conformity to the Speedy Trial Act which can be rebutted by evidence affirmatively showing that the state did not have a key witness or piece of evidence available by the last day of the applicable time period. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr. App.1979). This evidence can be from any source, including cross-examination of those responsible for preparing the state's case. *Id.* at 542. At the hearing on appellant's motion to dismiss, the attorney responsible for the state's case (Rosen) testified the state had been ready for trial since the date appellant was indicted. Appellant sought to rebut this testimony by showing, through cross-examination of Rosen, that at the time the state first announced "ready," personal interviews of key witnesses had not been conducted, witness subpoenas had not been issued, and the whereabouts of some of the witnesses were unknown.

■ Failure of the state to conduct personal interviews of its witnesses has been held insufficient to rebut the state's prima facie showing that it was ready for trial within the meaning of Article 32A.02. *Walters v. State*, 628 S.W.2d 526 (Tex.App. —Fort Worth 1982, no pet.). Further, we find Rosen's testimony that he did not know whether witness subpoenas had been issued on or before October 23, 1981, or whether certain witnesses were in the state on that date, and his admission that he did not think the case would go to trial until appellant rejected a plea bargain offered by the state, was insufficient to show the state was not *in fact* ready for trial within the time prescribed by law.

Appellant further argues that his Sixth Amendment right to a speedy trial was violated. In determining whether an accused has been denied his constitutional right to a speedy trial the court should consider: (1) the length of delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) prejudice to the accused. *Turner v. State,* 545 S.W.2d 133 (Tex.Cr.App.1976). Appellant was tried approximately nine and one-half months after his arrest. Such a delay is not a *per se* deprivation of appellant's right to a speedy trial, *See Turner,* 545 S.W.2d at 137 (two years and three months between return of indictment and time of trial held not to be a *per se* deprivation of an accused's right to a speedy trial), and a review of the record convinces us that the delay did not in fact deprive appellant of his right to a speedy trial. Most of the delay was attributable to appellant's incarceration in Victoria County, his consideration of a plea bargain agreement on the Fort Bend County charge, and his apparent inability to work with his court-appointed attorney.

Further, the record reflects that the first time appellant asserted his right to a speedy trial was in January, 1982, when he filed his motion to dismiss. This was about seven months after he was arrested. We find this sufficient to show that appellant failed to timely assert his constitutional right to a speedy trial.

Appellant also argues he was prejudiced by the delay because he was unable to obtain documents from the impounded automobile which he claims showed he had bought the car from a man purporting to be the owner. At the hearing on the motion to dismiss, the arresting officer testified that he conducted a search of the vehicle at the time of arrest and found in the trunk a box of "papers." The vehicle and its contents were ultimately impounded at the Rosenberg Police Department in Fort Bend County. Appellant testified the documents showing he had bought the car were included in those papers and, when his attorney went to look for these documents, the "pa-

pers" could not be found. It is unclear from the record whether the "papers" which could not be found referred to the documents of ownership or to the *box* of papers. However, we do not find the distinction to be determinative because there is no evidence the documents, if they did exist, were lost or misplaced *as a result of the delay.* Appellant has therefore failed to show he was prejudiced by the delay.

Having considered the evidence in light of *Turner,* we find no violation of appellant's Sixth Amendment right to a speedy trial. Accordingly, appellant's first ground of error is overruled.

Appellant's second ground of error is that the evidence was insufficient to support the conviction because the state failed to disprove his explanation concerning his possession of the vehicle, and there was no proof that appellant operated the vehicle in Fort Bend County on or about May 31, 1981.

At trial, the arresting officer testified he told appellant, at the time of the arrest, that the car was stolen. He further testified that appellant responded by saying he had bought the vehicle in exchange for a motor home. Appellant, relying on *Perkins v. State,* 630 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd), argues the state was required to prove that his explanation concerning his possession of the vehicle was false. We disagree. In *Perkins,* the state proceeded to trial on the theory that the unexplained possession of recently stolen property is a sufficient basis to sustain a conviction for *theft.* The evidence, however, showed the accused had given a reasonable explanation for his possession of the motor vehicle in question, i.e. that he bought it. The court held that in such cases the state must prove the explanation was false. In the case at bar, the state proceeded to trial on the theory that appellant intentionally and knowingly operated the vehicle in question without the consent of the owner. In such cases, whether the accused knew the vehicle was stolen is a defensive matter which the jury may or may not choose to believe. *See Musgrave v. State,* 608 S.W.2d 184 (Tex.Cr.App.1980).

Further, appellant's explanation concerning his possession of the vehicle merely raised the defense of mistake of fact. *Lynch v. State,* 643 S.W.2d 737 (Tex.Cr.App.1983). The jury, properly charged on mistake of fact, apparently chose to disbelieve that appellant was acting under a mistaken belief that he had the consent of the owner to operate the vehicle. Such a finding is supported by other evidence in the record.

Appellant also asserts the evidence is insufficient to prove he operated the vehicle in Fort Bend County on or about May 31, 1981. Specifically, he argues the evidence shows the alleged offense occurred in February, 1980. The indictment states that the offense was committed "on or about May 31, 1981." When an "on or about" date is alleged as the date of the offense, the state is not bound by the date alleged, and conviction may be had upon proof that the offense was committed at any time prior to return of the indictment and within the period of limitation. *Ex Parte Hyett,* 610 S.W.2d 787 (Tex.Cr.App. 1981).

On direct examination, appellant's former girlfriend (Cicherski) was asked by the prosecutor if she had ridden with appellant in the car in question in February, *1980,* to which she responded she had. Her testimony further showed, circumstantially, that on that occasion she had ridden in it with appellant from Houston through Fort Bend County to El Campo in Wharton County. Other evidence shows the car was stolen from Joe Denton Buick in October, 1980, that Cicherski first met appellant in the summer of 1980, and that appellant was driving the car in November, 1980.

The jury, as the trier of fact, may accept a portion of a witness' testimony and reject the remaining part. *See Valore v. State,* 545 S.W.2d 477 (Tex.Cr.App.1977). In this case, the jury apparently chose to believe Cicherski was testifying as to the event and the month in which it occurred, not as to the year. This is borne out by the verdict and is supported by evidence in the record which circumstantially showed that the offense occurred in February, *1981.*

In summary, we find the evidence was sufficient to sustain appellant's conviction. Accordingly, appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.