Paul **LEININGER**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–446–CR.

Court of Appeals of Texas,
Corpus Christi.

June 28, 1984.

Viviana Santiago Cavada, Victoria, for appellant.

Terrell S. Mullins, County Atty., Hallettsville, for appellee.

Before KENNEDY, YOUNG and UTTER, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted in the justice court of the offense of "unlawfully passing school bus while loading," under TEX. REV.CIV.STAT.ANN. art. 6701d sec. 104(a) (Vernon 1977), and was assessed a fine of $25.00, plus $6.00 costs. This conviction was appealed, and a trial de novo was granted in the county court. A special judge presided. In this trial, appellant was convicted of the offense of "unlawfully passing a school bus while loading," and was assessed a fine of $200.00 and costs. Appellant appeals from the conviction in the county court. We reverse and remand.

The facts are set out in the light most favorable to the verdict. On the morning of January 13, 1983, Complainant, Linda Leist, had driven her three children to the public road in front of her property in rural Lavaca County to board a school bus. The bus stopped opposite Complainant, and the warning light began flashing. As the two younger Leist children prepared to board the bus, a vehicle drove between Complainant's vehicle and the school bus. Complainant's oldest son, Chris, remained by his mother's car. Both Complainant and Chris identified the driver of the vehicle as appellant.

Complainant was aware that the office of Justice of the Peace for the local precinct was vacant. Later that day, when Complainant attempted to file a complaint against appellant, she found the Justice of the Peace for Precinct No. 1 was out of town. Complainant then signed a complaint before the County Judge of Lavaca County. When the Justice of the Peace returned, the County Judge gave him the complaint.

Attorney for appellant filed a motion to transfer the case to Justice of the Peace, Precinct No. 7 in Yoakum, alleging that appellant would not get a fair trial in Hallettsville. The State did not oppose this motion, and the case was transferred.

Because of a defect in the first complaint, Complainant swore a new complaint before the Justice of the Peace of Precinct No. 7 on May 11, 1983. Appellant was tried on the second complaint. Precinct No. 7 is an adjoining precinct to the justice precinct in which the offense occurred.

Appellant was tried before a jury in Justice Court, Precinct No. 7, on May 11, 1983. Appellant was convicted and assessed a fine of $25.00, plus costs. From this judgment, appellant appealed to the County Court of Lavaca County.

A trial de novo was held before a jury on September 19, 1983, in the County Court of Lavaca County. The County Judge of Lavaca County recused himself because he was expected to be, and in fact was, called to be a witness in this case. The case was tried before the County Judge of Fayette County, as Special Judge by agreement between the attorney for the State of Texas and the attorney for appellant. Appellant was again convicted of unlawfully passing a school bus while loading and was assessed the maximum fine of $200 by the jury.

### SPEEDY TRIAL ACT

By his seventh ground of error, appellant complains of violations of the Speedy Trial Act. Appellant has two distinct complaints: that his rights under the Speedy Trial Act were violated (1) in the justice court and (2) in the county court.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1984), The Speedy Trial Act, provides:

Section 1. A court shall grant a motion to set aside an indictment, information or complaint if the state is not ready for trial within:

\* \* \* \* \* \*

(3) 60 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less or punishable by a fine only.

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, ...

(b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

\* \* \* \* \* \*

Sec. 3. The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.

Section 4 provides that certain times be excluded from the computation of the time in which the State must be ready for trial.

#### Justice Court

Appellant argues that even though no motion to dismiss for violation of appellant's statutory right to speedy trial had been offered in Justice Court, appellant had a right to move to dismiss the proceedings in County Court. From the record, the relevant times are as follows:

January 13, 1983—First complaint filed.
May 11, 1983—Second complaint filed.
May 11, 1983—Trial in justice court.

Appellant's attorney presented the motion to dismiss to the court prior to his trial in County Court, at which time a hearing was held. At this hearing, the State asserted that the State had been ready to try the case at all times since the complaint was filed. In addition, it appears that part of the delay of appellant's trial in the Justice Court was due to appellant's request for change of venue. The delay due to the change of venue would be excluded under Art. 32A.02, sec. 4(1) of the Speedy Trial Act. However, it is not apparent from the record how much time was attributable to the change of venue.

■ In any case, we find that appellant has waived his Speedy Trial Act claims for his trial in the Justice Court. Appellant cites *Grimm v. Garner*, 589 S.W.2d 955 (Tex.1979) for the proposition that "[a]ppellant was entitled to move to dismiss the proceedings in county court if his rights under the Speedy Trial Act were violated at the justice level." We find that appellant misunderstands the Texas Supreme Court's holding in *Grimm*. In that case, the criminal defendant sought a writ of mandamus

to compel the justice of the peace to dismiss the case under the Speedy Trial Act on the basis of the defendant's motion to dismiss which had been overruled. The Supreme Court held that mandamus was not a proper remedy because defendant could urge his motion in the county court and that court's action was reviewable by appeal. However, in the case before us today, the motion was not urged in the justice court and was therefore waived. TEX.CODE CRIM.PROC.ANN. art. 32A.02 Sec. 3. In *Noel v. State*, TC–84–11–043 (Tex.Crim.App. March 14, 1984), Art. 32A.02, sec. 3 held to be not ambiguous on its face. *Noel* also held that a defendant may urge his motion to dismiss for violations of the Speedy Trial Act at any time prior to trial. "[A]s a matter of public policy, it is clear that questions directed to the very power of the court to resolve criminal controversies must be raised before trial proceedings actually begin; at risk is judicial economy in general and the trial judge's control of his court in particular." *Noel* at TC–84–11–88045. "The Legislature has placed the duty on one seeking to defeat the court's jurisdiction to try him, to launch his attack before that authority is exercised." *Noel* at TC–84–11–045. We hold, therefore, that appellant waived his rights under the Speedy Trial Act by failing to urge them prior to trial in the justice court.

### County Court

Appellant further complains that his rights under the Speedy Trial Act were violated in the county court. Appellant preserved this error by timely filing and urging a motion to dismiss in the county court. A hearing was held, and the motion was denied.

From the record, we find the following sequence:

May 20, 1983 Appellant's appeal to county court—trial de novo was granted.

July 11, 1983 Appellant filed his first motion for continuance due to the unavailability of a defense witness.

July 12, 1983 Appellant filed a motion for continuance until another judge could be named.

Aug. 31, 1983 The parties agreed to name a special judge, and the trial is set for Sept. 15, 1983.

Sept. 19, 1983 The trial was held.

 Although we cannot find a case with this precise fact situation, we hold that the criminal action, in the event of a trial de novo upon appeal from the county court, commences on the date the defendant enters his appeal to the county court. We find this on the basis of art. 32A.02 Sec. 2(b) which provides:

> (b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

*See Ex parte Beech*, 591 S.W.2d 502 (Tex.Crim.App.1980) (wherein it was held that for constitutional speedy trial purposes the delay begins on the date that the appeal bond is filed). Thus, we conclude that the sixty days began on May 20, 1983. Article 32A.02 Sec. 4 provides that certain periods are excluded from computing the time in which the State must be ready for trial, including the following:

> (3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, ...

Agreed resettings are excluded under this provision. *Garcia v. State*, 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd). Therefore, we find the time in which the State was required to be ready to be calculated as follows:

| Day 1 | May 20, 1983 | New trial granted |
| | | Motion for continu- |
| Day 53 | July 11, 1983 | ance |
| Day 54 | Sept. 15, 1983 | Agreed setting |
| Day 58 | Sept. 19, 1983 | Date of trial |

Thus, the day of the trial was within the sixty days, when all permitted exclusions were allowed.

In the alternative, we find that at the hearing on the motion to dismiss, the attorney for the State asserted that the State had been ready to try this case at all times since the filing of the complaint. This is

prima facie evidence of the State's readiness. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979). In addition, the attorney for the State pointed out that she had previously prosecuted the appellant for this offense in justice court.

█ The appellant must come forward with evidence to rebut the presumption of the State's readiness. *Barfield*, 586 S.W.2d 542. The attorney for appellant argued that the State's announcement on July 11th that it intended to call the County Judge of Lavaca County as a witness was evidence that the State was not ready for trial on July 11th or 12th. We do not find this argument persuasive; the County Judge was not a key witness, only 13 of 299 pages of the statement of facts were devoted to his testimony and 9 of these were on cross-examination. The State's failure to designate a witness is not sufficient to rebut a prima facie showing that the State was ready for trial. *See Simonsen v. State*, 662 S.W.2d 607 (Tex.App.—Houston [14th Dist.] 1983, no pet.); and *Walters v. State*, 628 S.W.2d 526 (Tex.App.—Fort Worth 1982, no pet.) (failure of State to conduct personal interviews of witnesses).

Appellant's seventh point of error is overruled.

### CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

By his eighth ground of error, appellant complains of violations of his constitutional right to a speedy trial, both in the Justice Court and County Court.

The right to a speedy trial is guaranteed by the Constitution of the United States of America. U.S. Const. Amend. VI. This guarantee has been made applicable to and enforceable against the states by the fourteenth amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court adopted a balancing test to be applied when a Constitutional Speedy Trial issue is raised. The Court announced four factors which should be considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's operation of his right; and (4) the prejudice to the defendant caused by the delay. While these factors are not exclusive, the appellant raises no others, and we will restrict our consideration to those enumerated.

In *Barker*, the Court said "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530, 92 S.Ct. at 2192. But, the Court also refused to set a definite time in which a criminal defendant must be brought to trial, saying that it was improper for the Court to engage in "legislative or rule-making activity." 407 U.S. at 523, 92 S.Ct. at 2188. We must consider, therefore, whether the delay involved was sufficient to trigger the protection of the Constitution.

### County Court

█ For Constitutional Speedy Trial purposes, we begin our consideration of the length of delay with the filing of appellant's appeal bond for the trial de novo in the County Court, May 20, 1983. *Beech*, 591 S.W.2d at 504. The date of the trial was September 19, 1983, or approximately four months after the appeal bond was filed. We have found no case in which a delay this short was held to have triggered the protection of the Constitution. *See Fields v. State*, 627 S.W.2d 714 (Tex.Crim.App.1982) *cert. denied*, 459 U.S. 841, 103 S.Ct. 479, 74 L.Ed.2d 625 (delays of seven months and one year not excessive); *Haas v. State*, 498 S.W.2d 206 (Tex.Crim.App.1973) (13 months not excessive); *Simonsen v. State*, 662 S.W.2d 607 (Tex.App.—Houston [14th Dist.] 1983, no pet.) (9½ months not excessive). We therefore hold that the four months between the filing of the appeal bond and appellant's trial de novo in the County Court was not excessive, especially when we find that one-half of the delay is attributable to the recusal of the County Judge and the attempts to find a substitute.

*Justice Court*

■ Although we held that appellant had waived his rights in the Justice Court under the Speedy Trial Act, a failure to demand a speedy trial does not act as a waiver of rights under the Constitution. *Barker v. Wingo,* 407 U.S. at 528, 92 S.Ct. at 2191. We therefore consider appellant's complaint of violations of his constitutional rights to a speedy trial in the Justice Court.

■ The first complaint was filed against appellant on January 13, 1983, and trial in the Justice Court was held on May 11, 1983, or approximately four months after the complaint was filed. Once again, this short delay is not sufficient to trigger the protection of the Constitution, especially since part of the delay was attributable to appellant's request for change of venue.

Appellant's eighth ground of error is overruled.

## SPECIAL JUDGE

By his second ground of error, appellant complains that the judgment of the court is null and void because the record fails to show the proper election or selection of the Special Judge or that he took the oath of office.

[8, 9] The parties agreed upon a judge under the authority of TEX.CODE CRIM. PROC.ANN. art. 30.03 Sec. 1 (Vernon Supp.1984), which provides:

Section 1. When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present may elect from among their number a special judge who shall try the case. The election of the special judge shall be conducted in accordance with the provisions of Article 1887, et seq., V.A.C.S.

However, upon examination of TEX.CODE CRIM.PROC.ANN. art. 30.01 (Vernon 1966) which provides:

Article 30.01 Causes which disqualify

No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

We find that the County Judge of Lavaca County was not disqualified. The statutory grounds of disqualification of a judge in a criminal case are exclusive. *Ex parte Largent,* 144 Tex.Cr.R. 592, 162 S.W.2d 419 (1942) (on Motion for Rehearing). We find instead that the recusal of a judge envokes the provisions of TEX.CODE CRIM.PROC. ANN. art. 30.03 Sec. 2, which reads:

Sec. 2. In the event a county judge or the regular judge of a county court at law created in a county is absent, or is for any cause disabled from presiding, a special judge, who is an attorney, may be appointed by the commissioners court of the county.

We therefore hold that the selection of the Special Judge by agreement of the parties was improper.

We also find that the provisions of TEX. CODE CRIM.PROC.ANN. art. 30.04 and 30.05 (Vernon Supp.1984) were not followed:

Art. 30.04. Special judge to take oath

The attorney agreed upon, elected, or appointed shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution.

Art. 30.05. Record made by clerk

When a special judge is agreed upon by the parties, elected, or appointed as herein provided, the clerk shall enter in the minutes as a part of the proceedings in such cause a record showing:

1. That the judge of the court was disqualified, absent, or disabled to try the cause;

2. That such special judge (naming him) was by consent of the parties agreed upon, or elected or appointed;

3. That the oath of office prescribed by law was duly administered to such special judge.

Nearly one hundred years ago, it was written: "This case appears to have been tried below by a special judge. *It is well settled* that in such cases the record on appeal must show the reasons for the selection of and the manner in which he became, special judge.... [H]e must, before entering upon his duties as special judge, take the oath of office required by the constitution of the State." *Smith v. State,* 24 Tex.App. 290, 6 S.W. 40 (1887). (Emphasis added.) This rule has been consistently followed. *See e.g. Dalby v. State,* 368 S.W.2d 626 (Tex.Crim.App.1963); *Ross v. State,* 363 S.W.2d 944 (Tex.Crim.App.1963). "A special judge has no authority to act— and each act, as such, is a nullity—until he has taken the oath of office." *Davis v. State,* 157 Tex.Cr.R. 146, 247 S.W.2d 392, 393 (1952).

██ Although we are aware that the Special Judge in this case was the current County Judge of neighboring Fayette County, we cannot say that the oath taken as County Judge in Fayette County authorized actions as Special Judge in Lavaca County. *Cf. Buchanan v. State,* 471 S.W.2d 401 (Tex.Crim.App.1971) (in which it was held that a "retired" district judge was not a "special" judge and could sit under the authority of TEX.REV.CIV. STAT.ANN. art. 200a Sec. 5a [Vernon Supp.1984]).

Therefore, because we find that the special judge in this case was not properly selected and that the oath of office was not properly administered and the selection and administration of the oath of office was not properly recorded in the minutes as reflected in the record before us, we sustain appellant's second ground of error.

In light of our sustaining of appellant's second ground of error, the remaining grounds of error will not be addressed.

The judgment of the trial court is reversed and remanded.