# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00696-CR

**Andrew Allen McDonald, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C1CR-07-100009, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Andrew McDonald, after being convicted of speeding in justice court, appealed his conviction to Travis County Court at Law No. 3. *See* Tex. Code Crim. Proc. Ann. art. 44.17 (West 2006) (providing for de novo appeals from justice court to county court). McDonald filed a motion to dismiss in county court, alleging a deprivation of his constitutional right to a speedy trial. The county court denied his motion and a jury found him guilty of speeding, assessing punishment at a $200 fine. *See* Tex. Transp. Code Ann. §§ 542.301, 545.351 (West 1999). McDonald appeals, asserting that the county court erred in denying his motion to dismiss. Because we have determined that McDonald's constitutional right to a speedy trial was not violated, we affirm the judgment of the county court.

## BACKGROUND

On January 28, 2003, Roy Bristow, a Texas highway patrolman, issued McDonald a citation for speeding in Travis County. Bristow testified that his radar showed McDonald traveling at a speed of 67 miles per hour, exceeding the 60 mile-per-hour speed limit. The next day, McDonald appeared in justice court in Travis County and requested a trial by jury.

McDonald's trial did not take place until approximately four years later when, on February 27, 2007, a jury found McDonald guilty, assessing punishment at a $100 fine. McDonald filed an appeal bond the same day, asserting his right to appeal a justice-court conviction to county court. *See* Tex. Code Crim. Proc. Ann. art. 44.17.

On October 30, 2007, the county court heard McDonald's appeal by conducting a trial de novo. *See id.* (appeals from justice courts to county courts are tried de novo, "the same as if the prosecution had been originally commenced in that court"). The day of trial, McDonald filed a motion to dismiss, alleging a deprivation of his right to a speedy trial. The county court overruled the motion, and the jury found McDonald guilty, assessing punishment at a $200 fine. McDonald appeals to this court, asserting that the county court erred in denying his motion to dismiss.

## STANDARD OF REVIEW

Appellate courts apply a bifurcated standard of review to speedy-trial claims. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). Specifically, we review the trial court's decision under "an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components." *Id*. Where, as in this case, the facts are largely undisputed, the primary issue for review is the legal significance of these facts to the appellant's claim.

2

*Stock v. State*, 214 S.W.3d 761, 764 (Tex. App.—Austin 2007, no pet.). We will uphold the trial court's ruling if it is supported by the record and correct under the applicable law. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

## DISCUSSION

As a preliminary matter, we must address the State's argument that county courts are precluded from considering speedy-trial claims based on events that occurred in justice court. The State contends that because an appeal from justice court to county court is heard de novo, "the same as if the prosecution had been originally commenced in that court," Tex. Code Crim. Proc. Ann. art. 44.17, all procedural defects originating in justice court are cured by the trial de novo in county court, and therefore any violation of McDonald's right to a speedy trial in justice court could not be properly considered by the county court. We disagree.

In *Grimm v. Garner*, 589 S.W.2d 955 (Tex. 1979), the Texas Supreme Court held that mandamus relief was improper to address a justice court's denial of a speedy-trial complaint, because the defendant's "right to appeal to the county court or county court at law is an adequate remedy." 589 S.W.2d at 957. While the defendant argued, as the State does here, that a speedy-trial claim arising from justice court was not reviewable by the county court because an appeal to county court is by trial de novo, the court rejected this argument, stating that "[s]ince the appeal to the county court would be by trial de novo, Garner would have the right to urge his same motion" in the county court, and the "original court papers of the justice court case filed in the county court . . . can form the basis of such a motion." *Id.* In light of the Texas Supreme Court's holding in *Grimm*, we hold that the county court was not precluded from considering a motion to dismiss based on potential

3

violations of McDonald's right to a speedy trial in justice court.  *See also Leininger v. State*, 674 S.W.2d 868, 873 (Tex. App.—Corpus Christi 1984, pet. ref'd) (addressing speedy-trial claim based on alleged delay in justice court).

We also observe that a criminal defendant's right to a speedy trial is protected by the United States and Texas constitutions, *see* U.S. Const. amend. VI; Tex. Const. art. I, § 10, and that the failure to demand a speedy trial in justice court does not act as a waiver of a constitutional speedy-trial claim, *see Leininger*, 674 S.W.2d at 873.   Therefore, we will address McDonald's allegations that his constitutional right to a speedy trial was violated in the justice court.

In determining whether a defendant's right to a speedy trial has been violated, we apply a balancing test in which the following four factors are considered:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.  *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (creating balancing test for reviewing speedy-trial claims under federal constitution); *Zamorano*, 84 S.W.3d at 648 (adopting balancing test set forth in *Barker* to address speedy-trial claims under Texas Constitution).

***Length of the Delay***

The length of the delay from the time the defendant is arrested or formally accused to the time of trial is a triggering mechanism, so that a speedy trial claim will not be heard until the delay is prima facie unreasonable under the circumstances.  *Shaw*, 117 S.W.3d at 889.  Generally, courts have found a delay approaching one year to be sufficient to trigger a speedy trial inquiry.  *Id.*; *see also Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (noting that delay approaching one year is generally considered "presumptively prejudicial").  McDonald's trial in the justice court took

4

place over four years after he was charged with speeding. Because the delay in McDonald's trial far exceeds the "bare minimum needed to trigger judicial examination of the claim," this factor weighs in favor of finding a speedy-trial violation. *Zamorano*, 84 S.W.3d at 649.

### Reason for the Delay

The State has the burden of justifying an unreasonable delay. *Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). Without any justification by the State, this factor weighs in favor of finding a violation of the right to a speedy trial. *Shaw*, 117 S.W.3d at 889. In the present case, there is no indication in the record that the State provided any explanation or justification for the four-year delay. Because the State has not met its burden of justifying a presumptively prejudicial delay, this factor also weighs in favor of a speedy-trial violation. *See id.*

### Assertion of Right

While a defendant has no duty to bring himself to trial, persistent assertion of the right to a speedy trial carries a great deal of weight in determining whether that right has been violated. *See Zamorano*, 84 S.W.3d at 651. "Repeated requests for a speedy trial weigh heavily in favor of the defendant, while the failure to make such requests supports an inference that the defendant does not really want a trial, he wants only a dismissal." *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008). Furthermore, "[f]iling for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one." *Id.*

The record reflects that McDonald did not raise the issue of his right to a speedy trial until he filed his motion to dismiss in county court, after a delay of over four years. Because McDonald's long period of inaction before finally asserting the right in a motion to

dismiss "indicates strongly that he did not really want a speedy trial," *Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992), this factor weighs against finding a speedy-trial violation. *See Dragoo v. State*, 96 S.W.3d 308, 315-16 (Tex. Crim. App. 2003) ("In view of the lengthy delay here, in which appellant quietly acquiesced, this factor weighs very heavily against finding a violation of the speedy trial right.").

### *Prejudice to the Accused*

The most important factor in determining whether an appellant was denied his right to a speedy trial is the amount of prejudice that the appellant has suffered as a result of the delay. *Guajardo v. State*, 999 S.W.2d 566, 570 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Any prejudice suffered is assessed in view of the interests that the right to a speedy trial was intended to protect. *Zamorano*, 84 S.W.3d at 652. The U.S. Supreme Court has identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*.

The interest in preventing oppressive pretrial incarceration is inapplicable to the present case, as McDonald was not imprisoned. Furthermore, it is unlikely that McDonald suffered a significant amount of anxiety or concern over his impending misdemeanor trial for speeding, an offense for which the maximum sentence was a $200 fine. McDonald does claim, however, that his defense was impaired by the delay because the sole witness, Officer Bristow, was unable to recall the exact speed at which he was traveling at the time his radar gun registered McDonald's speed.

6

At trial, McDonald presented a defensive theory that Bristow's radar gun may have given an inaccurate reading, and that Bristow would have needed to verify that his own speed was accurately reflected by the equipment in order to confirm that its reading of McDonald's speed was correct. McDonald argues that Bristow's inability to recall the speed he was traveling prevented McDonald from pursuing his defensive theory at trial.

A defendant does not suffer prejudice where "minor lapses in memory" do not affect the outcome of a trial. *Barker*, 407 U.S. at 534. In this case, even though Bristow was unable to recall how fast he was traveling at the time he recorded McDonald's speed, Bristow testified that before making the traffic stop, he verified that the radar gun accurately reflected his own speed.[1] Bristow further testified that he is trained to confirm the accuracy of a reading in this way before stopping any vehicle for speeding, stating, "If I get a false reading on there, I'm not going to stop the car because I, you know, that's not what we do." The jury was entitled to believe Bristow's testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (the jury, as finder of fact, is entitled to believe all or part of testimony proffered and introduced by either side). Furthermore, we must view the evidence in the light most favorable to the trial court's ruling, which, in this case, was a denial of McDonald's motion. *See Zamorano*, 84 S.W.3d at 648 ("Because appellant lost in the trial court on his speedy trial claim, we must presume the trial court resolved any disputed fact issues in the State's favor, and we must also defer to the implied findings of fact that the record supports."). Viewing the evidence in the light most favorable to the trial court's ruling, we hold that

---

[1] Bristow testified, "I wouldn't have stopped you if I was getting an inaccurate reading on my speed," and later testified, "I can't give you a specific speed because I can't remember exactly how fast I was going four years ago. I do know that my patrol speed was accurate for the reading that was given."

McDonald's defense was not impaired by the delay. As a result, McDonald has not established that he suffered prejudice and, therefore, this factor does not support a finding of a constitutional violation.

While the first two factors weigh in favor of finding a violation of McDonald's constitutional right to a speedy trial, the remaining factors, particularly the lack of prejudice, carry more weight. *See Russell v. State*, 90 S.W.3d 865, 874-75 (Tex. App.—San Antonio 2002, pet. denied) (holding that lack of prejudice outweighs the remaining *Barker* factors); *see also Guajardo*, 999 S.W.2d at 571 (holding that, where first three *Barker* factors clearly weigh in favor of the appellant, lack of prejudice outweighs remaining factors). Therefore, in light of the *Barker* balancing test as applied to the facts of this case, we hold that McDonald's right to a speedy trial was not violated.

## CONCLUSION

Because we have determined that the trial court did not err in denying McDonald's motion to dismiss for lack of a speedy trial, we affirm the trial court's judgment.

 

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 20, 2008

Do Not Publish