

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00025-CV

**ALLAN LATOI STORY,**

                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                              **Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-2499-C1**

## O P I N I O N

Allan Latoi Story appeals from the trial court's January 11, 2019 order dismissing his petition for writ of mandamus for lack of jurisdiction. We will reverse and remand.

### Factual and Procedural Background

In December 2013, Story was convicted of murder with a deadly weapon and sentenced to life in prison. Story appealed his conviction to this Court, and the appeal was transferred from this Court to the Thirteenth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *Story v. State*, No. 13-14-00038-

CR, 2015 WL 7352210, *1 n.1 (Tex. App.—Corpus Christi–Edinburg Nov. 19, 2015, pet. ref'd) (mem. op., not designated for publication) (citing TEX. GOV'T CODE ANN. § 73.001). In November 2015, the Thirteenth Court of Appeals affirmed Story's conviction. *Id.* at *6.

On January 7, 2019, Story then filed a petition for writ of mandamus in the trial court, requesting that the trial court order the McLennan County District Attorney to provide him certain documents and records. Story asserted in the petition that the documents and records are essential for him to be able to demonstrate that he is confined illegally and entitled to relief. The McLennan County District Attorney filed a response, arguing that the trial court should dismiss Story's petition for writ of mandamus for lack of jurisdiction or, in the alternative, deny the petition. On January 11, 2019, the trial court signed an order dismissing Story's petition for writ of mandamus. The order states that the trial court found that it had no jurisdiction to consider the petition.

## Discussion

In his sole issue, Story contends that the trial court erred in dismissing his petition for writ of mandamus for lack of jurisdiction. We agree.

The jurisdiction of Texas courts is conferred solely by the Texas Constitution and state statutes. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam). Section 24.007 of the Government Code provides: "The district court has the jurisdiction provided by Article V, Section 8, of the Texas Constitution." TEX. GOV'T CODE ANN. § 24.007(a). Article V, Section 8, of the Texas Constitution states in pertinent part:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this

> Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

TEX. CONST. art. V, § 8. Section 24.011 of the Government Code further states: "A judge of a district court may, either in termtime or vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction." TEX. GOV'T CODE ANN. § 24.011.

The State argues that, based on the foregoing constitutional provision and statutes, a district court has mandamus jurisdiction only to enforce its own jurisdiction. Several of the Texas intermediate appellate courts have agreed with the State's argument. *See, e.g.*, *Williams v. Davis*, 628 S.W.3d 946, 952 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *In re Calton*, 531 S.W.3d 764, 765 (Tex. App.—Texarkana 2016, no pet.); *Garrett v. Williams*, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth 2008, no pet.); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (per curiam); *see also, e.g.*, *Walker v. Jenkins*, No. 03-18-00235-CV, 2018 WL 3059962, at *2 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.); *Sims v. Smith*, No. 03-12-00242-CV, 2014 WL 2094200, at *1 (Tex. App.—Austin May 14, 2014, no pet.) (mem. op.); *Barker v. Livingston*, No. 14-12-00254-CV, 2012 WL 3866505, at *2 (Tex. App.—Houston [14th Dist.] Sept. 6, 2012, no pet.) (per curiam) (mem. op.). On the other hand, some of the other Texas intermediate appellate courts have expressly disagreed with the State's argument. *See, e.g.*, *In re Borunda*, 528 S.W.3d 149, 154 (Tex. App.—El Paso 2017, orig. proceeding); *Thompson v. Velasquez*, 155 S.W.3d 551, 554 (Tex. App.—San Antonio 2004, no pet.).

The decisions of the intermediate appellate courts that have agreed with the State

and have concluded that a district court has mandamus jurisdiction only to enforce its

own jurisdiction depend on the Texas Supreme Court's decision in *Winfrey v. Chandler*,

159 Tex. 220, 318 S.W.2d 59 (1958) (orig. proceeding). In *Winfrey*, the supreme court was

faced with the issue of whether a district court had jurisdiction to issue a writ of

prohibition against a county judge. *See id.* at 221–23, 318 S.W.2d at 60–61. The *Winfrey*

court held:

> A district court is not authorized to exercise general supervision and control
> over the county court in criminal proceedings, and its power to interfere
> with the orderly dispatch of such business by the latter tribunal is limited
> to that conferred by the Constitution and statutes of our State. Art. 5, Sec.
> 8, of the Constitution, Vernon's Ann. St., provides that the district courts
> "shall have power to issue writs of habeas corpus, mandamus, injunction
> and certiorari, and all writs necessary to enforce their jurisdiction." The
> applicable statute, in so far as it is relevant here, follows the language of the
> Constitution. Art. 1914, Vernon's Ann. Tex. Civ. Stat. Under these
> constitutional and statutory provisions, a district court has no power to stay
> the trial of a criminal case pending in another court except where necessary
> and appropriate to protect or enforce its own jurisdiction. *See Seele v. State*
> [*ex rel. Roether*], 1 Tex. Civ. App. 495, 20 S.W. 946 ([1892,] no writ).

*Winfrey*, 159 Tex. at 222, 318 S.W.2d at 61.

*Seele*, the Court of Civil Appeals decision that the *Winfrey* court cited as authority,

also discussed the district court's jurisdiction to issue a writ of prohibition. *Seele*, 1 Tex.

Civ. App. at 496, 20 S.W. at 946. The *Seele* court reviewed the applicable constitutional

provision as follows:

> The present constitution, as it existed when the writ of prohibition in this
> cause was issued and perpetuated, in conferring jurisdiction upon the
> district courts, among other things, says: "Said courts and the judges
> thereof shall have power to issue writs of habeas corpus in felony cases,

mandamus, injunction, certiorari, and all writs necessary to enforce their jurisdiction."

*Id.* at 497, 20 S.W. at 947. The *Seele* court then noted that "[t]he acts of the legislature on the subject of the jurisdiction of the district courts in this respect follow the constitution." *Id.* The *Seele* court held that the district court therefore did not have jurisdiction to issue a writ of prohibition against a justice court. *See id.* at 497–98, 20 S.W. at 947. The *Seele* court also observed, however:

> If the provision of the constitution in question had included prohibition as it did injunction and other named writs, it would have been within the jurisdiction of the district court to have issued such writs in all cases that were permitted under the principles and usages of common-law and equity practice, as is illustrated by the construction of the law in question in the case of *County of Anderson v. Kennedy*, 58 Tex. [616,] 621 [(1883)]. We find no provision in the law that conferred upon the district court the power to issue the writ of prohibition.

*Seele*, 1 Tex. Civ. App. at 498, 20 S.W. at 947. For this reason, the San Antonio Court of Appeals observed that the holdings in *Winfrey* and *Seele* can be read narrowly as addressing only a district court's jurisdiction to issue writs of prohibition. *Thompson*, 155 S.W.3d at 553. And this observation is strengthened by the Texas Supreme Court's decision in *Grimm v. Garner*, 589 S.W.2d 955 (Tex. 1979), which was issued after *Winfrey*.

In *Grimm*, a defendant who had been charged in the justice court with the offense of speeding filed a petition for writ of mandamus in the district court to compel the justice of the peace in the justice court to set aside the criminal complaint. *Grimm v. Garner*, 577 S.W.2d 573, 574–75 (Tex. Civ. App.—Waco 1979), *rev'd*, 589 S.W.2d 955 (Tex. 1979). The district court issued the writ, and the justice of the peace appealed to this Court. *Id.* at 574. On appeal, this Court faced two issues: (1) whether the district court had jurisdiction

to issue the writ and (2) whether the defendant had an adequate legal remedy by way of appeal. *Id.* This Court concluded that the district court did have jurisdiction to issue the writ and that the defendant did not have an adequate remedy by appeal. *Id.* at 575. This Court therefore held that the writ of mandamus was properly issued and affirmed the district court's judgment. *Id.*

The justice of the peace then appealed to the Texas Supreme Court. *Grimm*, 589 S.W.2d at 955. On review, the Texas Supreme Court stated that the only question presented was whether the defendant had an adequate remedy at law, which would make mandamus relief improper. *Id.* The supreme court eventually concluded that the defendant did have an adequate remedy at law and therefore reversed the judgments of this Court and the district court and vacated the writ of mandamus issued by the district court. *Id.* at 957. But in discussing this Court's conclusion that the district court had jurisdiction to issue the writ of mandamus, the supreme court stated:

> District courts are empowered by the Texas Constitution "to issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction. . . ." TEX. CONST. art. V, § 8. We have interpreted that power to be a grant of distinct jurisdiction, carrying the substantive power to issue the writs named in all cases in which courts of law or equity under settled rules would have the power to issue them, whether they be necessary to enforce some jurisdiction given by other constitutional provisions or not. *Thorne v. Moore*, [101 Tex. 205, 105 S.W. 985, 986 (1907)].

*Grimm*, 589 S.W.2d at 956.

Moreover, the Texas Supreme Court has since interpreted the current versions of the applicable constitutional provision and statutes, quoted above, to mean that "the district court has exclusive original jurisdiction over mandamus proceedings except

when the Constitution or a statute confers original jurisdiction on another tribunal." *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (orig. proceeding); *accord A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 671–72 (Tex. 1995) (orig. proceeding). Accordingly, we conclude that a district court's mandamus jurisdiction is not limited to enforcing its own jurisdiction. *See Borunda*, 528 S.W.3d at 154; *Thompson*, 155 S.W.3d at 554. Furthermore, neither the constitution nor any statute confers original jurisdiction on another court to compel a district attorney to provide the documents and records requested by Story. The trial court therefore had jurisdiction to review Story's mandamus petition and erred in dismissing it for lack of jurisdiction.[1] Story's sole issue is sustained.

## Conclusion

We reverse the trial court's January 11, 2019 order dismissing Story's petition for writ of mandamus for lack of jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion. Story's pending motions in this appeal are dismissed as moot.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reversed and remanded
Opinion delivered and filed September 7, 2022
[CV06]



---

[1] We express no opinion on whether mandamus relief is proper on the merits of the petition because the trial court has not yet ruled on the merits of the petition.