Reversed and Rendered and Opinion filed August 19, 2008








Reversed and
Rendered and Opinion filed
August 19, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00354-CV

____________

 

THE APPRAISAL REVIEW BOARD OF
HARRIS COUNTY APPRAISAL DISTRICT AND ROBERT CUNNINGHAM, FORMER CHAIRMAN, Appellants

 

V.

 

O=CONNOR & ASSOCIATES, WOLVERINE CROSBY LP, E POINTE
PROPERTIES I LTD, BAKER-ORR JOINT VENTURE, AND J. FREDERICK WELLING, Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2005-47070

 



 

O P I N I O N








Appellants, the Appraisal Review Board of Harris County
Appraisal District (the Board) and former chairman of the Board Robert
Cunningham, appeal the trial court=s denial of their
plea to the jurisdiction.  We conclude that because appellees, O=Connor &
Associates, Wolverine Crosby Green LP, E Pointe Properties I Ltd., Baker‑Orr
Joint Venture, and J. Frederick Welling, failed to exhaust their administrative
remedies before filing suit, the district court lacked subject matter
jurisdiction over this dispute.  We reverse the trial court=s judgment and
render judgment dismissing the case for lack of subject matter jurisdiction.  

I.  Factual and Procedural Background

O=Connor & Associates originally filed
suit against Harris County Appraisal District (HCAD), chief appraiser Jim
Robinson, the Board, and Cunningham seeking mandamus, injunctive, and
declaratory relief.  O=Connor alleged the appellants were
violating procedures outlined in the Tax Code for conducting property tax
appraisal protest hearings.  O=Connor claimed that, contrary to the Tax
Code, the Board was postponing hearings, refusing to consider property owners= evidence,
considering evidence that HCAD had not produced to property owners, determining
protests in favor of HCAD even when HCAD presented insufficient or no evidence,
and issuing only one order to resolve claims contesting both the appraised
value and unequal appraisal of the property. 

In response, the defendants filed a plea to the
jurisdiction asserting that because O=Connor had not
exhausted its administrative remedies as required by the Tax Code, the district
court lacked subject matter jurisdiction to hear O=Connor=s claims.  The day
before the hearing on the defendants= plea to the
jurisdiction, O=Connor filed a first amended petition,
adding plaintiffs Wolverine Crosby Green LP, E Pointe Properties I Ltd., Baker‑Orr
Joint Venture, and J. Frederick Welling (collectively the ATaxpayers@).  The petition
also alleged that the plaintiffs had either already filed or would likely file
protests of the appraised value of their property for the 2005 tax year and
that proper hearings in accordance with chapter 41 of the Tax Code were either
untimely held or not held at all.  








The trial court denied the plea to the jurisdiction as to O=Connor=s claims in the
original petition only; on appeal, this court dismissed the issue as moot.  See
Harris County Appraisal Dist. v. O=Connor &
Assocs., No. 14‑06‑00098‑CV, 2006 WL 3072079, at *3 (Tex.
App.CHouston [14th
Dist.] Oct. 31, 2006, no pet.).[1] 
The case returned to the trial court, and after a second hearing on the
defendants= plea to the jurisdiction, the trial court granted the
plea as to HCAD and Robinson and denied the plea as to the Board and
Cunningham.  Now before us on the second appeal in this matter, the Board and
Cunningham (collectively the ATaxing Authorities@) argue in two
issues that the district court erred in denying their plea to the jurisdiction
because the court lacked subject matter jurisdiction and because appellees lack
standing.  

II.  Subject Matter Jurisdiction

A plea to the jurisdiction is a dilatory plea seeking to
defeat a plaintiff=s claims, regardless of merit, by
challenging the district court=s jurisdiction to hear the subject matter
of the dispute.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  To prevail, the defendant must show that even if all the
plaintiff=s pleaded allegations are true, an incurable
jurisdictional defect remains on the face of the pleadings that deprives the
trial court of subject matter jurisdiction.  Brenham Hous. Auth. v. Davies,
158 S.W.3d 53, 56 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  We
review a trial court=s ruling on a plea to the jurisdiction de
novo.  See Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts affirmatively demonstrating the court=s jurisdiction to
hear the cause.  Id.  We construe the pleadings liberally and look to
the pleader=s intent.  Id.  








Trial courts are courts of general jurisdiction, and they
are presumed to have subject matter jurisdiction unless a contrary showing is
made, such as when the legislature bestows exclusive original jurisdiction on
an administrative body.  See Tex.
Const. art. V, ' 8; Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002).  An agency has
exclusive jurisdiction when a pervasive regulatory scheme indicates that the
legislature intended for the regulatory process to be the exclusive means of
remedying the problem to which the regulation is addressed.  Subaru, 84
S.W.3d at 221.  Typically if an agency has exclusive jurisdiction, a party must
exhaust all administrative remedies before seeking judicial review of the
agency=s action.  Id.  Until
then, the trial court lacks subject matter jurisdiction and must dismiss the
claims within the agency=s exclusive jurisdiction.  Id.  








The Tax Code is a classic example of a pervasive regulatory
scheme, evidencing a legislative intent to vest the appraisal review boards
with exclusive jurisdiction.  See Jim Wells County v. El Paso Prod. Oil
& Gas Co., 189 S.W.3d 861, 871 (Tex. App.CHouston [1st
Dist.] 2006, pet. denied).  The Tax Code sets forth administrative procedures
for aggrieved property owners to protest their tax liabilities.  See
generally Tex. Tax Code Ann.
ch. 41B42 (Vernon 2008). 
A property owner may protest to the Board the appraised value of the owner=s property, the
inclusion of the property on the appraisal records, a failure by the chief
appraiser or the Board to provide the property owner with any notice to which
the owner is entitled, and any other action by the chief appraiser, appraisal
district, or Board that applies to and adversely affects the property owner.  Id.
__ 41.41(a)(1), (3),
(9), 41.411(a).  The Board must schedule a hearing on the property owner=s protest.  Id.
_ 41.45(a).  The
Tax Code specifies how the Board is to conduct appraisal hearings and includes
provisions for the taking of evidence and the burden of proof.  Id. __ 41.43, 41.66B.67.  A property
owner may bring suit in district court against the appraisal district and the
Board (1) after the owner has been denied a hearing to which the owner is
entitled or (2) to appeal an order by the Board determining the owner=s protest.  Id.
__ 41.45(f),
42.01(1)(A).  Review in the district court is by trial de novo, and the
district court may enter any order necessary to preserve rights protected by and
impose duties required by the law.  Id. __ 42.23(a),
42.24(3).  Therefore, the Board has exclusive jurisdiction over property tax
disputes, and property owners generally must exhaust their administrative
remedies before seeking judicial review.  See MAG‑T, L.P. v. Travis
Cent. Appraisal Dist., 161 S.W.3d 617, 624 (Tex. App.CAustin 2005, pet.
denied).

In their first issue, the Taxing Authorities argue that the
trial court erred in denying their plea to the jurisdiction because chapter 41
of the Tax Code is a pervasive regulatory scheme, vesting the Board with
exclusive original jurisdiction over tax appraisal protests.  The Taxing
Authorities claim that before bringing suit in district court, the Taxpayers
were required to exhaust their administrative remedies by obtaining an
appraisal protest hearing before the Board and then appealing the order from
the hearing in the manner dictated by chapter 42 of the Tax Code.  The
Taxpayers concede that generally a property owner must exhaust his
administrative remedies before proceeding to judicial appeal in the district
court.  However, the Taxpayers argue that even though they did not complete the
administrative process, the district court still has subject matter
jurisdiction to hear their claims because (1) section 41.45(f) of the Tax Code
allows the district court to compel the Board to hold a hearing, (2) article V,
section 8 of the Texas Constitution gives the district courts mandamus power to
compel public officials to perform nondiscretionary acts, and (3) judicial
interference in an administrative scheme is permissible when the agency is
acting outside its statutorily conferred powers. 








Section 41.45(f) states that the district court may compel
the Board to hold a hearing when a property owner has been denied a hearing to
which he is entitled.  Tex. Tax Code Ann.
_ 41.45(f).  The
Taxpayers contend that the hearing to which a property owner is entitled under
section 41.45(f) is one conducted according to the law and ending with a proper
order.  According to the Taxpayers, because the Board is failing to conduct
hearings in accordance with the procedures outlined in the Tax Code, section
41.45(f) gives the district court jurisdiction over their claims.  We disagree
with this interpretation of section 41.45(f).

When interpreting a statute, we view a statute=s terms in
context, and our objective is to determine and give effect to the legislature=s intent.  See Tex. Gov=t Code Ann. ' 312.005 (Vernon
2005); Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d
482, 484 (Tex. 1998).  Moreover, we presume that the legislature would not do a
useless act.  See Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,
792 S.W.2d 952, 954 (Tex. 1990).  Chapter 42 provides an administrative remedy
to property owners who claim they did not receive a properly conducted hearing
by allowing the property owner to obtain de novo review by timely filing suit
in district court.  Tex. Tax Code Ann.
__ 42.01(1)(A),
42.21(a), 42.23(a).  Adopting the Taxpayers= interpretation of
section 41.45(f) would allow property owners to circumvent the appeal
provisions in chapter 42 and sue in district court simply by alleging the Board
failed to adhere to procedural guidelines.  Interpreting section 41.45(f) as
creating another avenue of appeal to the district court would essentially
render the appeal provisions in chapter 42 meaningless.  We hold that on the
facts of this case, section 41.45(f) does not provide a basis for the district
court to exercise subject matter jurisdiction.  See also Appraisal Review
Bd. of Harris County Appraisal Dist. v. Spencer Square Ltd, 252 S.W.3d 842,
845 (Tex. App.CHouston [14th Dist.] 2008, no pet.) (declining to read
section 41.45(f) as providing an additional avenue to attack appraisal review
board orders).  








The Taxpayers also assert that jurisdiction is appropriate because the
Texas Constitution empowers trial courts to issue writs of mandamus to compel
public officials to perform ministerial acts.  Tex. Const. art V, _ 8 (ADistrict court judges shall have the power to issue writs
necessary to enforce their jurisdiction.@).  A mandamus will issue only to
correct a clear abuse of discretion or the violation of a duty imposed by law
and when there is no other adequate remedy at law.  Canadian Helicopters
Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).  Mandamus is not
appropriate when a party is afforded a trial de novo on appeal.  See Grimm
v. Garner, 589 S.W.2d 955, 956B57 (Tex. 1979) (holding right to
appeal and obtain trial de novo provided adequate remedy at law); Blasingame
v. Krueger, 800 S.W.2d 391, 394 (Tex. App.CHouston [14th Dist.] 1990, no pet.)
(concluding mandamus was not appropriate because relators had adequate remedy
at law by virtue of trial de novo).  The Tax Code provides for de novo judicial
review in the district court upon appeal of a Board=s order determining a protest.  See
Tex. Tax Code Ann. _ 42.23(a).  We conclude that judicial
appeal in this case provides an adequate remedy at law; therefore mandamus is
not appropriate.

Finally, the Taxpayers contend that the exception to the exhaustion of
administrative remedies doctrine, which applies when an agency acts outside its
statutory authority, applies in the instant case because the Taxing Authorities
are acting outside their statutory authority.  The Taxpayers claim this excuses
them from having to exhaust their administrative remedies and allows them to
appeal directly to the district court.  The Taxing Authorities respond that the
exception does not apply because the Taxpayers failed to allege actions by the
Taxing Authorities that are completely outside their jurisdiction.  We agree.








The general rule in Texas is that courts do not interfere
with the statutorily conferred duties and functions of an administrative
agency.  Westheimer Indep. Sch. Dist. v. Brockette, 567 S.W.2d 780, 785
(Tex. 1978).  However, courts may intervene in administrative proceedings when
an agency exercises authority beyond its statutorily conferred powers.  Id.  This
exception to the exhaustion of administrative remedies doctrine is a variation
of the rule that where the administrative agency lacks jurisdiction, a trial
court may intercede before administrative remedies are exhausted.  See City
of Houston v. Williams, 99 S.W.3d 709, 717 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  AIn such a case, the purposes underlying
the exhaustion of remedies rule are not applicable, judicial and administrative
efficacy are not served, and agency polices and expertise are irrelevant if the
agency=s final action
will be a nullity.@  MAG-T, L.P., 161 S.W.3d at 625. 
However, the mere claim that an administrative agency acted ultra vires does
not authorize litigation before administrative remedies are exhausted, nor does
failure to perfectly comply with all of the intricacies of the administrative
process necessarily constitute extra-jurisdictional action by an agency.  See
City of Houston, 99 S.W.3d at 717; Friends of Canyon Lake, Inc. v.
Guadalupe‑Blanco River Auth., 96 S.W.3d 519, 528 (Tex. App.CAustin 2002, pet.
denied).  

In Friends of Canyon Lake, an environmental group
alleged that the Texas Natural Resource Conservation Commission (TNRCC) and the
local river authority had failed to correctly follow all the requirements of
the water rights permit application process.  96 S.W.3d at 528.  The plaintiff
environmental group argued that this failure of compliance had resulted in the
TNRCC acting outside its statutory authority, and therefore the group was
excused from exhausting its administrative remedies.  Id.  The court
held that for this exception to apply, the environmental group was required to
allege that the agency had acted wholly outside its jurisdiction, not merely
that it had failed to meet certain statutory procedural requirements.  Id.  The
instant case presents a similar situation.  The Taxpayers do not allege that
the Taxing Authorities are acting wholly outside the Tax Code provisions. 
Instead, they claim that the manner in which the hearings are being conducted
does not fully comply with the procedural requirements of the Tax Code. 
Accordingly, we conclude the Aacting outside statutory authority@ exception does
not apply in this case.  See City of Houston, 99 S.W.3d at 717;
Friends of Canyon Lake, Inc., 96 S.W.3d at 528.  

III. 
Conclusion

The Tax
Code is a pervasive regulatory scheme, vesting the Board with exclusive
original jurisdiction over property tax appraisals.  Accordingly, the Taxpayers
were required to exhaust their administrative remedies.  Because they failed to
do so, we conclude the district court lacked subject matter jurisdiction to
hear the causes of action raised in the first amended petition.  We sustain the
Taxing Authorities= first issue.  Having done so, we need not
address the Taxing Authorities= second issue concerning standing.








We reverse the district court=s order denying
the plea to the jurisdiction as to the Board and Robinson and render judgment
dismissing the causes of action raised by the Taxpayers for want of subject
matter jurisdiction.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 19, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.









[1]  O=Connor=s original petition was not a live
pleading at the time of the trial court=s ruling.  Harris County Appraisal Dist., 2006 WL
3072079, at *3.  Therefore, we concluded that any action this court took on the
merits of the appeal would not affect the rights of the parties because the
parties could still challenge the trial court=s jurisdiction based on the causes of action in the
amended petition.  Id.