

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00013-CV

_____

IN RE ALLEN "F" CALTON

_____

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-281770-15

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

Allen "F" Calton, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, filed a petition for a writ of mandamus in the 67th Judicial District Court of Tarrant County, Texas.[1]  In his mandamus action, Calton asked the trial court to compel Steve Schiller, a former official court reporter for the 213th Judicial District Court of Tarrant County, to file transcripts of pretrial hearings that were conducted before Calton's murder trial.[2]  At the time Calton filed his mandamus petition with the trial court, he had already perfected a direct appeal from the dismissal of a lawsuit he had filed in the 153rd Judicial District Court of Tarrant County, which raised the same issues and sought essentially the same relief.[3]  The trial court determined that it was without jurisdiction to address Calton's petition, and it dismissed the matter for lack of subject-matter jurisdiction.  Calton appeals, and we affirm.

"A district court has mandamus jurisdiction only to enforce its own jurisdiction." *Garrett v. Williams*, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth 2008, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 24.011 (West 2004)).  Here, the purpose of Calton's petition for writ of mandamus in the trial court was not to protect the trial court's jurisdiction.  Therefore, the trial court did not have subject-matter jurisdiction to order the relief requested by Calton, and his

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Second Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[2]Calton's conviction for attempted murder was upheld by the Second Court of Appeals in *Calton v. State*, No. 2-04-228-CR, 2005 WL 3082202, at *1 (Tex. App.—Fort Worth Nov. 17, 2005, pet. withdrawn) (mem. op., not designated for publication).

[3]Subsequently, we affirmed the 153rd court's dismissal in our opinion in *Calton v. Schiller*, No. 06-15-00062-CV, 2016 WL 3356740, at *5 (Tex. App.—Texarkana June 16, 2016, no pet. h.).

petition for a writ of mandamus was appropriately dismissed.  *See Garrett*, 250 S.W.3d at 159

(citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)).[4]

      We affirm the judgment of the trial court.


                        Ralph K. Burgess
                        Justice

Date Submitted:     June 10, 2016
Date Decided:      July 13, 2016

---

[4]Moreover, even if the trial court had subject-matter jurisdiction, Calton's petition was frivolous.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (West 2002).