**Charles Edward SENTER, Appellant,**

v.

**The Honorable Suzanne HUDSON, Appellee.**

**Nos. 2–00–028–CV to 2–00–030–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 25, 2000.

Rehearing Overruled Oct. 12, 2000.

Charles Edward Senter, Dallas, for Appellant.

Suzanne Hudson, Craig A. Bishop, Arlington, for Appellee.

PANEL B: DAY and HOLMAN, JJ.; and JOHN HILL, J. (Retired, Sitting by Assignment).

**OPINION**

JOHN HILL, Justice (Retired).

Charles Edward Senter appeals from the denial of mandamus by the Tarrant County Criminal Court of Appeals. He presents a single point in which he urges that the court erred because the judge of the Dalworthington Gardens Municipal Court of Record improperly held that appeal bonds Senter filed with the court did not have a proper surety because his parents were not attorneys or licensed bail bond sureties.

We reverse and remand because Senter's parents are qualified as sureties despite not being licensed as bail bond sureties or attorneys inasmuch as they are not acting as sureties for hire or compensation.

Senter was convicted of three traffic offenses by a jury in the Dalworthington Gardens Municipal Court of Record. He filed appeal bonds in each of his three cases with his parents as sureties. The judge of the municipal court, Honorable Suzanne Hudson, rejected his appeal bonds because his parents were neither licensed bail bondsmen nor attorneys. The judge of the Tarrant County Criminal Court of Appeals denied his petition for writ of mandamus.

**154**

There is no dispute that Senter's parents are qualified to serve as sureties on Senter's appeal bonds unless they are disqualified to serve in that capacity by virtue of former article 2372p–3 of the civil statutes, now codified without substantive change as section 1704.151 of the Texas Occupation Code.[1] Under those statutes, a person may not, with certain exceptions, act as a surety for hire or compensation in a county where the statute applies unless the person holds a bail bond surety license.[2] The statute applies in Tarrant County.[3] Inasmuch as Senter's parents are not serving as sureties for hire or compensation, they are not disqualified to serve as sureties by virtue of the statutes to which we have referred.[4] Consequently, we hold that the judge of the municipal court erred in holding that Senter's appeal bonds were insufficient on that basis, and that the judge of the Tarrant County Criminal Court of Appeals erred by denying Senter's petition for writ of mandamus. Accordingly, we reverse the judgment of the Tarrant County Criminal Court of Appeals and remand to that court for entry of judgment granting appellant's petition for writ of mandamus.

1. Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, sec. 3(a) 1981 Tex. Gen. Laws 875, 875–76, *repealed by* Act of May 13, 1999, 76th Leg., R.S.,ch. 388, §§ 6(a), 7, 1999 Tex. Gen. Laws 1431, 2440 (current version at Tex. Occ. Code Ann. § 1704.151 (Vernon Supp.2000)).

2. *See* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, secs. 2(2), 3(a), 1981 Tex. Gen. Laws 875, 875–76, *repealed by* Act of May 13, 1999, 76th Leg., R.S.,ch. 388, § 6(a), 1999 Tex. Gen. Laws 1431, 2440 (current version at Tex. Occ.Code Ann. §§ 1704.001(2), 1704.151 (Vernon Supp.2000)).

3. *See* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, sec. 3, 1981 Tex. Gen. Laws 875, 876, *repealed by* Act of May 13, 1999, 76th Leg., R.S.,ch. 388, § 6(a), 1999 Tex. Gen. Laws 1431, 2440 (current version at Tex. Occ. Code Ann. § 1704.151).

4. *See* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, sec. 2(2), 1981 Tex. Gen. Laws 875, 875, *repealed by* Act of May 13, 1999, 76th Leg., R.S.,ch. 388, § 6(a), 1999 Tex. Gen. Laws 1431, 2440 (current version at Tex. Occ. Code Ann. § 1704.001(2)).