# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00553-CV

**City of Fort Worth and Dale A. Fisseler, in his Official Capacity as City Manager
and as Officer for Public Information, Appellants**

**v.**

**Greg Abbott, Attorney General of Texas; Fort Worth Star-Telegram
and Melody McDonald, Appellees**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-07-000814, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O P I N I O N

This appeal concerns an open-records request involving certain DNA records held by the City of Fort Worth's forensic science laboratory and the interplay between section 552.101 of the Texas Public Information Act (formerly known as the Texas Open Records Act)[1] and subchapter G, chapter 411 of the government code,[2] which prohibits the release of certain DNA records and information contained therein. *See* Tex. Gov't Code Ann. § 411.153 (West Supp. 2007). After the Attorney General issued a letter ruling concluding that the DNA records held by the City were subject to disclosure under the PIA, appellants the City of Fort Worth and City Manager

---

[1] Tex. Gov't Gode Ann. §§ 552.001-.353 (West 2004 & Supp. 2007). For convenience, we cite to the current version of the statute unless noted otherwise.

[2] *Id.* §§ 411.141-.154 (West 2005 & Supp. 2007). For convenience, we cite to the current version of the statute unless noted otherwise.

Dale A. Fisseler[3] filed suit challenging this ruling. Appellees, the Fort Worth Star-Telegram and Melody McDonald,[4] intervened and sought a writ of mandamus to compel the disclosure of information held by the City. The trial court granted appellees' request for a writ of mandamus and ordered the City to disclose the information at issue. Because we conclude that government code section 411.153(b) prohibits the release of information in the DNA records at issue and, therefore, exempts that information from disclosure under the PIA, we reverse the trial court's order granting appellees' request for a writ of mandamus and render judgment in favor of the City.

### FACTUAL AND PROCEDURAL BACKGROUND

Melody McDonald, a reporter for the Star-Telegram, filed an open-records request with the City requesting "[t]he case file and/or all reports, memorandums or notes from the Fort Worth Police Department's Forensic Science Laboratory" regarding two rape/murder victims. In response to this request, the City sought a ruling from the Attorney General arguing that certain requested information was exempt from disclosure under section 552.101 of the PIA[5] because government code section 411.153(b)[6] prohibits the release of information in a DNA record. *See id.*

---

[3] We substitute Dale A. Fisseler, in his official capacity as City Manager and as Officer of Public Information, as the proper party on appeal in place of former City Manager, Charles Boswell. *See* Tex. R. App. P. 7.2(a) (automatic substitution of public officer).

[4] Because their interests align, we refer to appellees the Fort Worth Star-Telegram and Melody McDonald collectively as the "Star-Telegram" unless specifically noted otherwise.

[5] Section 552.101 provides that "[i]nformation is excepted from the [disclosure] requirements of Section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code Ann. § 552.101.

[6] Section 411.153 is captioned "Confidentiality of DNA Records" and provides:

§ 552.301(a) (West Supp. 2007) (allowing governmental body to seek ruling on disclosure from the

Attorney General).  The information at issue included four categories of DNA records held by the

City's forensic science laboratory:[7]

1)    DNA records of the suspect and another convicted offender;

2)    DNA records of four individuals who were present at a crime scene and who
      voluntarily gave samples in order to be excluded as suspects;

3)    the court-ordered sample from the second suspect; and

4)    DNA records of the victims.

The Attorney General issued a letter ruling requiring the City to disclose information,

including certain DNA records, sought by the Star-Telegram.  *See* Tex. Att'y Gen. ORL2007-02471

(Mar. 5, 2007).  The Attorney General rejected the City's argument that section 411.153(b) made the

---

(a)    A DNA record stored in the DNA database is confidential and is not subject
       to disclosure under the public information law, Chapter 552.

(b)    A person commits an offense if the person knowingly discloses to an
       unauthorized recipient information in a DNA record or information related
       to a DNA analysis of a sample collected under this subchapter.

(c)    An offense under this section is a state jail felony.

(d)    A violation under this section constitutes official misconduct.

*Id.* § 411.153.

[7]  The record demonstrates that the City contracted with a private laboratory to provide forensic DNA analysis and that the DNA records at issue are contained in the files of this private laboratory.  That the information and DNA records are held by a private laboratory does not affect our analysis of the issues presented on appeal because the City retains ownership and a right of access to the information and DNA records.  *See id.* § 552.002(a)(2).

3

information in DNA records exempt from disclosure under the PIA and concluded that, unless the DNA records were included in the state DNA database maintained by the director of the Texas Department of Public Safety, the information was subject to disclosure under the PIA:

> [T]o the extent the submitted information is maintained in the public safety director's database, it must be withheld under section 552.101 of the Government Code in conjunction with section 411.153 of the Government Code. To the extent the submitted information is not maintained in the public safety director's DNA database, it is not confidential under section 552.101 of the Government Code in conjunction with section 411.153, and must be released.

*See id.*

Because most of the DNA records at issue had not been forwarded by the City to the DPS director for inclusion in the state DNA database, *see* Tex. Gov't Code Ann. § 411.144(d) (requiring a DNA laboratory to forward DNA records and forensic analyses to the director), the Star-Telegram maintained that those DNA records were subject to disclosure under the Attorney General's ruling. To protect the confidentiality of the information in the DNA records at issue, the City filed suit against the Attorney General to challenge the ruling. *See id.* § 552.324 (West 2004) (providing for suit against the Attorney General). The Star-Telegram intervened in the City's suit and sought a writ of mandamus to enforce the Attorney General's letter ruling and compel disclosure by the City. *See id.* § 552.321 (West 2004) (allowing requesting party to seek writ of mandamus for failure to comply with PIA). The trial court granted the Star-Telegram's request for mandamus relief and ordered the City to disclose the information to the extent it was not included in the DNA database maintained by the director of the DPS. By its terms, the trial court's order commands the

4

City to disclose all information in its case file, except the DNA records of the convicted offender, which are maintained in the DPS's DNA database:

> [T]he City of Fort Worth shall immediately disclose to Intervenors Fort Worth Star-Telegram and Melody McDonald the requested information made the basis of this suit, which information is described as the case file and/or all reports, memoranda or notes from the Fort Worth Police Department's Forensic Science Laboratory . . . save and except that portion of the requested information which is maintained in the DNA Database, specifically, all DNA records for the convicted offender . . . .

The City appeals from the trial court's order granting appellees' request for a writ of mandamus.

## DISCUSSION

On appeal, the City argues that government code section 411.153(b) prohibits the release of information in the DNA records at issue and, therefore, the trial court erred in granting mandamus relief and ordering the City to disclose the DNA records. The Star-Telegram counters that section 411.153 only prohibits the release of DNA records and information included in the state DNA database; therefore, to the extent the information in DNA records held by the City is not included in the state DNA database, it is subject to disclosure under the PIA. Although the Attorney General has since issued conflicting letter rulings on this issue, he has not taken a position on appeal regarding whether the information and DNA records at issue should be released.[8] For the reasons set forth below, we conclude that section 411.153 prohibits the release of information in the DNA

---

[8] Instead, the Attorney General has filed a brief directing this Court to refer to the briefs and arguments submitted by the other parties.

records at issue and that the trial court erred in granting appellees' request for mandamus relief and in ordering the City to disclose this information.

### Standard of Review

Appeal is the proper remedy for review of the trial court's order granting a writ of mandamus in this context. *See Love v. Wilcox*, 28 S.W.2d 515, 521 (Tex. 1930); *see also In re City of Georgetown*, 53 S.W.3d 328, 337 (Tex. 2001) (Hecht, J., concurring). An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal like any other civil suit. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 791 n.1 (Tex. 1991); *University of Tex. Law Sch. v. Texas Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.).

Whether information is subject to the PIA and whether an exception to disclosure applies to the information are questions of law involving statutory construction. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000); *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995). We review questions of statutory construction *de novo*. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) (appellate courts review matters of statutory construction *de novo*); *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) (questions of law are always subject to *de novo* review).

### Are the DNA records at issue subject to disclosure under the Public Information Act?

The central issue on appeal is whether certain DNA records held by the City's forensic science laboratory are subject to disclosure under the PIA or whether they are exempt from disclosure based on government code section 411.153(b). The parties do not dispute that DNA

6

records included in the DNA database maintained by the director of the DPS are confidential and not subject to disclosure under the PIA as expressly provided for in government code section 411.153(a). *See* Tex. Gov't Code Ann. § 411.153(a). The dispute concerns information in DNA records that are not included in the state DNA database—*i.e.*, information in the DNA records of the victims and the DNA records of persons who voluntarily submitted DNA samples to be excluded as suspects in a crime—and whether that information is subject to disclosure under the PIA or whether the release of information in those DNA records is prohibited by government code section 411.153(b).

The issue before us is one of first impression and presents a matter of statutory construction. Our primary goal when construing a statute is to ascertain and give effect to the legislative intent. *See City of San Antonio*, 111 S.W.3d at 25. To determine legislative intent, we look to the statute as a whole, as opposed to isolated provisions. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We begin with the plain language of the statute at issue and apply its common meaning. *City of San Antonio*, 111 S.W.3d at 25. Where the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

In this case, we are called upon to reconcile the legislative mandate that information held by governmental bodies is public information with the legislative directives regarding the confidentiality of DNA records. The PIA states, "It is the policy of this state that each person is entitled unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." *See* Tex. Gov't Code Ann. § 552.001 (West 2004). To that end, the PIA provides that "public information is available to

7

the public at a minimum during the normal business hours of the governmental body." *Id.* § 552.021 (West 2004). The PIA mandates a liberal construction to implement this policy and one that favors a request for information. *See id.* § 552.001; *see also City of Garland*, 22 S.W.3d at 357.

A governmental body seeking to withhold requested information must submit a timely request to the Attorney General for a ruling on disclosure and assert those specific exceptions from disclosure that apply. *See* Tex. Gov't Code Ann. § 552.301. An exception from disclosure is found in section 552.101, which provides that information is excepted from disclosure if it is information considered to be confidential by law. *See id.* § 552.101 (West 2004). The City contends that government code section 411.153(b) makes confidential information in DNA records, regardless of whether the DNA record is included in the state DNA database maintained by the DPS director.

In its request for a ruling from the Attorney General, the City asserted that government code section 411.153(b) prohibited the release of the DNA records at issue and, therefore, the requested information was exempt from disclosure under section 552.101. *See id.* §§ 411.153(b); 552.101. Section 411.153(b) is part of a comprehensive statutory scheme enacted by the legislature to govern the collection, use, and dissemination of DNA records collected by law enforcement agencies. *See id.* §§ 411.141-.154 (West 2005 & Supp. 2007). In subchapter G, chapter 411 of the government code, the legislature created a DNA database that would be "the central depository in the state for DNA records." *See id.* § 411.142(a). As we interpret subchapter G, we conclude that the legislature envisioned a central depository to be maintained by the DPS director for all DNA records collected by law enforcement agencies throughout the state. Nothing in the statute suggests that local law enforcement agencies may create their own individualized DNA

8

databases without forwarding the information and DNA records to the director for inclusion in the state DNA database established in subchapter G, chapter 411 of the government code. *See, e.g.*, *id.* §§ 411.142 (establishing DNA database); .143 (purpose of DNA database); .144 (regulating DNA laboratories, requiring laboratories to forward DNA records and forensic analyses to the director, and providing for penalties).

Under the framework of subchapter G, a "DNA laboratory" performs an analysis of samples or specimens received and produces a "DNA record," which is the "result[ ] of a forensic DNA analysis performed by a DNA laboratory." *Id.* § 411.141(3)-(4) (defining "DNA laboratory" and "DNA record"). The legislature has provided that the state DNA database must be compatible with the national DNA identification index system, or CODIS, used by the FBI so as to permit the useful exchange and storage of DNA records or information derived from those records. *Id.* § 411.142(f). The legislature has specified those types of DNA records that may be contained in the state DNA database. *Id.* § 411.142(g). Included among the types of DNA records that may be contained in the state DNA database is "a biological specimen that is legally obtained in the investigation of a crime, regardless of origin." *Id.* § 411.142(g)(3).

The legislature has delegated authority to the DPS to promulgate standards for the certification of DNA laboratories and procedures for forensic DNA analysis by DNA laboratories to facilitate the exchange of DNA evidence and the use of such evidence in a criminal case. *See id.* §§ 411.142(h), .144(a). There is no dispute that the City's forensic science laboratory is a certified DNA laboratory within the meaning of subchapter G, chapter 411 of the government code. Section 411.144(d) expressly requires a DNA laboratory conducting a DNA analysis under subchapter G to

forward the DNA record of the analysis to the director. *See id.* § 411.144(d). The legislature has also directed the DPS to promulgate rules establishing procedures to prevent unauthorized access to the DNA database and to allow for the release of DNA records, specimens, or analyses from the DNA database. *See id.* § 411.147(a). The legislature has further provided that the DPS may only release a DNA sample, analysis, or record in certain circumstances. *See id.* § 411.147(c).

With regard to the confidentiality of DNA records, the legislature has provided in section 411.153(a) that "[a] DNA record stored in the DNA database is confidential and is not subject to disclosure under the open records law, Chapter 552." *Id.* § 411.153(a). At the time of the Star-Telegram's request in this case, section 411.153(b) also provided that "[a] person commits an offense if the person knowingly discloses information in a DNA record or information related to a DNA analysis of a sample collected under this subchapter." *See* Act of May 30, 2005, 79th Leg., R.S., ch.1224, § 15, 2005 Tex. Gen. Laws 3952, 3962 (current version at Tex. Gov't Code Ann. § 411.153 (West Supp. 2007)).[9]

Consistent with the Attorney General's ruling in this case, the Star-Telegram urges that, because the DNA records at issue—*i.e.*, the DNA records of the victims and those who voluntarily gave DNA samples to be excluded as suspects—are not stored in the DNA database, those DNA records are not exempt from disclosure under the PIA. *See* Tex. Att'y Gen. ORL2007-02471 (2007). By expressly providing that only DNA records in the database are exempt from disclosure under the PIA, the Star-Telegram argues that the legislature intended only to exempt

_____

[9] Section 411.153 was amended in 2007 to add the phrase "to an unauthorized recipient" after the phrase "knowingly discloses information." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 760, § 4, 2007 Tex. Gen. Laws 1569, 1571.

DNA records in the DNA database, and not all DNA records. The City counters that the interpretation urged by the Star-Telegram would render section 411.153(b) meaningless.

As previously noted, the Attorney General has rendered conflicting opinions on whether section 411.153(b) exempts DNA records from disclosure under the PIA. Responding to the City's request for an opinion in this case, the Attorney General rejected the City's argument that section 411.153(b) exempted the DNA records at issue or the information in those records from disclosure under the PIA. *See id.* Since issuing this ruling, however, the Attorney General has issued rulings in at least three other cases finding that section 411.153 exempts DNA records and information in DNA records from disclosure under the PIA.[10] *See* Tex. Att'y Gen. ORL2008-04899 (Apr. 11, 2008); ORL2008-02901 (Mar. 4, 2008); ORL2008-01706 (Feb. 5, 2008). In these subsequent letter rulings, the Attorney General makes no distinction between DNA records included in the state DNA database and DNA records that are not included in the state DNA database. *See id.* ORL2008-04899 at 3-4; ORL2008-02901 at 4-5; ORL2008-01706 at 1-2. In letter ruling ORL2008-01706, the Attorney General expressly found that DNA records and information in the Dallas County District Attorney's files were confidential and must be withheld under section 411.153(b). *See id.* ORL2008-01706 at 2. We recognize that opinions of the Attorney General are persuasive authority and are not controlling on the courts. *See Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996); *Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328, 336 (Tex. App.—Austin 2000, pet. denied). Accordingly, we are not bound to follow them—especially in a situation, as here,

---

[10] Although he is a named party in this appeal, the Attorney General has not explained the reasons for this change in his interpretation of section 411.153.

11

where the Attorney General has issued conflicting opinions on the same issue. *Compare* Tex. Att'y Gen. ORL2007-02471 *with* Tex. Att'y Gen. ORL2008-04899; ORL2008-02901; ORL2008-01706.

We conclude that a plain reading of subchapter G, chapter 411 of the government code prohibits the release of information in DNA records even if the DNA records have yet to be forwarded to the DPS director for inclusion in the state DNA database. The legislature has defined "DNA record" to mean "the results of a forensic DNA analysis performed by a DNA laboratory and, if known, the name of the person who is the subject of the analysis." *See* Tex. Gov't Code Ann. § 411.141(7). The parties do not dispute that the DNA records at issue meet the definition of "DNA record" in government code section 411.141(7). *See id.* Nor do they dispute that the director of the DPS is required to establish certain standards and procedures for DNA laboratories or that a DNA laboratory conducting a forensic DNA analysis under subchapter G must forward the DNA record of that analysis to the director. *See id.* §§ 411.142(h), 411.144(a) (requiring director to establish standards and procedures for DNA laboratories), (d) (requiring laboratory to forward DNA records and analyses to the director). That the City's DNA laboratory has not forwarded the DNA records at issue to the director may be a violation of subchapter G, and may subject the City's DNA laboratory to penalties thereunder, but it does not affect the confidentiality of those DNA records under section 411.153(b).[11]

---

[11] By failing to forward the DNA records at issue to the DPS director as required in section 411.144, the City has only served to complicate the decision-making process in this matter. There is no merit in the City's arguments that the DNA records in question cannot be sent to the DPS director for inclusion in the state DNA database. The legislature has expressly provided that DNA records of deceased victims and voluntary donors may be included in the state DNA database. *See* Tex. Gov't Code Ann. § 411.142(g)(2)-(3); *see also id.* § 411.149. Moreover, even if federal law prohibits the inclusion of certain DNA records in the national DNA database, there is nothing in

In section 411.153(a), the legislature expressly provided that DNA records in the state DNA database are not subject to disclosure under the PIA. *See id.* § 411.153(a). In addition, the legislature recognized that the DNA database maintained by the DPS director may not include all DNA records, much less all of the information in DNA records or information related to a DNA analysis of a sample collected under this subchapter.[12] *See id.* § 411.153(b). Reading the statute as a whole, we agree that section 411.153(a) exempts DNA records included in the state DNA database from disclosure under the PIA. *Id.* § 411.153(a). We further conclude that by its use of the phrase "information in a DNA record" the legislature in section 411.153(b) prohibited the release of a broader category of information than DNA records included in the state DNA database. *Id.* § 411.153(b). We therefore agree with the City that section 411.153(b) protects from disclosure information in a DNA record, even if that DNA record has not been forwarded to the director for inclusion in the state DNA database. *See id.*

subchapter G that prohibits the state from including such records in the state DNA database. Texas law requires only that the state DNA database be compatible with the national database, so as to permit the useful exchange of records and information, not that the records and information stored in the state DNA database be the same as that stored in the national database. *See id.* § 411.142(f).

[12] As one commentator has explained, the reason for this lack of inclusion may be a practical one involving lack of time and money. *See* Craig M. Cooley, *Forensic Science and Capital Punishment Reform: An "Intellectually Honest" Assessment*, 17 Geo. Mason U. Civ. Rts. L.J. 299, 309-18 (2007). The increasing reliance on DNA evidence for prosecutions, statutes requiring certain defendants to submit DNA samples, and the expense required to increase DNA laboratory staffing and modernize older facilities has led to a growing backlog of samples that are waiting to be recorded in state and federal DNA databases. *See id.* An investigation of the DPS in 2000 revealed that just over one-half of the DNA samples received by DPS had been analyzed and recorded. *See* Paul E. Tracy & Vincent Morgan, *Criminology: Big Brother and His Science Kit: DNA Databases for 21st Century Crime Control?*, 90 J. Crim. L. & Criminology 635, 643 (2000). Congress has since passed the Debbie Smith DNA Backlog Grant Program to help expedite the inclusion of DNA samples obtained from law enforcement laboratories into the state and federal DNA databases. *See* 42 U.S.C.A. § 14135 (West 2005).

Were we to adopt the Star-Telegram's interpretation of section 411.153, we would be left with the absurd result that only the DNA records of the convicted offender would be exempt from disclosure under the PIA. We do not believe this is what the legislature intended. *See University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 & n.20 (Tex. 2004) (recognizing that courts should not construe statutes in a way that leads to absurd results). The City's construction of section 411.153 is consistent with the legislature's comprehensive scheme and purpose in creating the state DNA database.[13] *See generally* Tex. Gov't Code Ann. §§ 411.141-.154. Because the plain language of section 411.153(b), when read in conjunction with the other provisions in subchapter G, chapter 411 of the government code, prohibits the release of information in a DNA record regardless of whether that DNA record has been forwarded to the DPS director for inclusion in the state DNA database, we conclude that the DNA records at issue, and the information contained therein, are confidential by law and therefore exempt from disclosure under the PIA. *See id.* §§ 411.153(b), 552.101. Accordingly, we sustain the City's issue on appeal.

## CONCLUSION

Because we conclude that section 411.153(b) prohibits the release of information in a DNA record and that the DNA records at issue are therefore exempt from disclosure under the PIA, we reverse the trial court's order granting appellees' request for writ of mandamus and render judgment in favor of the City.

---

[13] The City's construction is likewise consistent with the Attorney General's subsequent rulings on this issue. *See* Tex. Att'y Gen. ORL2008-04899 (Apr. 11, 2008); ORL2008-02901 (Mar. 4, 2008); ORL2008-01706 (Feb. 5, 2008).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Rendered

Filed:   July 3, 2008