# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00081-CV

**Twenty First Century Holdings, Inc. d/b/a American Geothermal Systems, Inc.; Victor DeMarco; and N. West Short, Appellants**

**v.**

**Precision Geothermal Drilling, L.L.C., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, NO. C-1-CV-12–12503, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Twenty First Century Holdings, Inc. d/b/a American Geothermal Systems, Inc. (AGSI); Victor DeMarco; and N. West Short appeal the county court's denial of their Petition for Writ of Mandamus and Interlocutory Appeal. In the petition, appellants sought a writ of mandamus compelling the justice court to rescind its order vacating dismissal of the suit, to vacate its sanctions award, and to order arbitration and, in the alternative, sought interlocutory appeal of the justice court's order denying the motion to compel arbitration. For the reasons that follow we affirm in part and dismiss in part for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

AGSI is a geothermal HVAC company owned by DeMarco.[1]  DeMarco formed a drilling company named Precision Geothermal Drilling (PGD) with Patricia Denny to perform drilling work for companies like AGSI.  PGD was formed as a limited liability company (LLC), with Denny as 51% owner, DeMarco as 49% owner, and both as managers.  *See generally* Tex. Civ. Prac. & Rem. Code §§ 101.001–.621 (governing limited liability companies).  AGSI contracted with PGD for its drilling work, and disputes soon arose between DeMarco and Denny over the drilling work and payment.  Denny filed suit in justice court on behalf of PGD for breach of contract against AGSI seeking to recover approximately $8,000.00.[2]  DeMarco filed an answer on behalf of AGSI.  A trial was held, and the justice court granted judgment for PGD.  AGSI filed a motion for new trial, which was granted.

The parties subsequently reached a settlement agreement in principle, which included mutual releases and called for AGSI to pay PGD $5,100.  During negotiations over the final details of the settlement, a dispute arose between Denny and DeMarco over the operation of PGD, and DeMarco accused Denny of unauthorized acts.  DeMarco requested certain records from Denny, some of which she withheld pending his agreement to release his personal claims against her. Based on the records Denny did provide to DeMarco, DeMarco concluded she had mishandled the business and engaged in self-dealing.  When DeMarco continued to refuse to release his personal claims

---

[1]  Geothermal HVAC systems involve drilling multiple ground loops that extend several hundred feet into the earth through which liquid is circulated in order to cool the air using the temperature of the earth rather than the outside air.

[2]  Although it appears that Denny—not PGD counsel—filed the suit, the record reflects that PGD was represented by counsel both before and after suit was filed.

against Denny in the settlement agreement, Denny set the case for trial. Prior to trial, DeMarco or Short, AGSI's counsel, drafted a settlement agreement releasing all claims against both companies and DeMarco, and DeMarco signed it on behalf of both companies and himself and filed a nonsuit on behalf of PGD. The settlement agreement included a clause providing that any disputes arising out of the settlement agreement "shall be first submitted to mediation . . . [and] in the event such mediation is unsuccessful . . . the dispute shall be settled by binding arbitration." Both the settlement agreement and the nonsuit were signed by DeMarco only, and not by Short, although the record reflects that Short represented DeMarco in virtually all other matters related to this dispute and suit.

PGD filed a motion to set aside the nonsuit or in the alternative motion for new trial, and the justice court vacated the dismissal it had entered after DeMarco filed the nonsuit. PGD subsequently filed a motion to show authority and for sanctions, stating it had reason to believe Short had drafted the settlement agreement and nonsuit, which was groundless, and instructed DeMarco to sign and file them. The motion sought to have Short show his authority to act on behalf of PGD when PGD was represented by other counsel and sought sanctions against both DeMarco and Short. AGSI responded to the motion, attempted to initiate arbitration, filed a letter to that effect in the justice court, and sought dismissal so that the arbitration could proceed. In denying AGSI's motion for arbitration, the justice court stated that the settlement agreement was not valid and any arbitration clause would be ineffective. The justice court also ordered DeMarco and Short each to pay $3,000 in sanctions "for their involvement in filing a nonsuit with prejudice of this lawsuit when they were principal and counsel for the Defendant respectively." AGSI filed a Petition for Writ of Mandamus and Interlocutory Appeal with the county court, seeking mandamus relief compelling the justice

3

court to rescind the order awarding sanctions, enter an order of nonsuit, and order arbitration or, in the alternative, seeking interlocutory appeal of the justice court's order denying the motion to compel arbitration. The county court denied the petition, and this appeal followed.[3]

## DISCUSSION

As an initial matter, we address the nature of this case. Although appellants style this case as an appeal and seek interlocutory review of the county court's ruling on AGSI's motion to compel arbitration, they also challenge the county court's denial of mandamus relief and ask us to "mandamus the County Court at Law" and order it to vacate the orders entered by the justice court vacating the dismissal, denying AGSI's motion to compel arbitration, and awarding sanctions. Thus, appellants seek interlocutory appeal and, in the alternative, mandamus relief as to the county court's ruling on arbitration and mandamus relief only as to the county court's rulings on vacation of the dismissal and sanctions. We will separately address the interlocutory appeal and the request for mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011) (explaining procedural and policy reasons why court may address both interlocutory appeal and alternative petition for mandamus raised in same filing styled as appeal without requiring appellant to file separate document with title "petition for writ of mandamus"); *Watkins v. Jones*, 192 S.W.3d 672, 673–75 (Tex. App.—Corpus Christi 2006, orig. proceeding) (where party filed joint petition for writ

_____

[3] Appellants also previously filed a Petition for Writ of Mandamus with this Court seeking mandamus relief against the justices of the peace who issued the orders in the justice court. That petition was denied for want of jurisdiction. *See In re Twenty First Century Holdings, Inc.*, No. 03-13-00310-CV, 2013 Tex. App. LEXIS 6430, at *1 (Tex. App.—Austin May 24, 2013, orig. proceeding) (mem. op.); *see also* Tex. Gov't Code § 22.221 (writ power of court of appeals).

of mandamus and interlocutory appeal, court addressed both requests for relief, dismissing interlocutory appeal for want of jurisdiction and denying mandamus relief); *see also In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex. 1998) (per curiam) (better course of action for court of appeals when confronted with parallel interlocutory appeal and mandamus proceeding is to consolidate and dispose of both simultaneously to conserve judicial resources).

**Interlocutory Jurisdiction**

We first address our jurisdiction over the county court's interlocutory ruling concerning arbitration. Generally, we have jurisdiction over final judgments rendered by a county court in a matter originating in justice court. *See* Tex. Gov't Code §§ 22.220(a) (appellate court has jurisdiction over civil cases within its district of which county court has jurisdiction), 28.052 (repealed) (final judgment in justice court may be appealed to county court in manner provided by law for appeal from justice court to county court), 28.053(d) (repealed) (giving courts of appeal jurisdiction to consider appeals from de novo trials in county court on claims originating in justice court).[4] Further, a denial of a motion to compel arbitration is subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code §§ 51.016 (in matter subject to Federal Arbitration Act, appeal may be taken to court of appeals from interlocutory order of county court at law under same circumstances as allowed under 9 U.S.C. section 16, which includes order denying petition to order arbitration); 171.098 (under Texas Arbitration Act, party may appeal interlocutory order denying

---

[4] Government Code sections 28.052 and 28.053 were repealed by Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.06, 5.09, 2011 Tex. Gen. Laws 5206, 5225, effective May 1, 2013, which abolished justice courts.

arbitration in same manner and to same extent as appeal from order or judgment in civil action); *CMH Homes*, 340 S.W.3d at 448–49 (explaining that legislature amended TAA, which already allowed interlocutory appeal of order denying arbitration, to also allow interlocutory appeal of same under FAA).[5] Although the validity of the settlement agreement is in question here, "whether the parties have entered into a binding agreement to arbitrate is one of the inquiries we undertake in an interlocutory appeal of the denial of a motion to compel arbitration." *Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 418 (Tex. App.—Dallas 2011, pet. denied). Therefore, we conclude that we have jurisdiction over the county court's interlocutory order refusing to compel arbitration. *See* Tex. Civ. Prac. & Rem. Code §§ 51.016, 171.098; Tex. Gov't Code §§ 22.220(a), 28.052 (repealed), 28.053(d) (repealed). We turn then to the merits of appellants' first issue.

**Interlocutory Appeal of Denial of Motion to Compel Arbitration**

In their first issue, appellants seek interlocutory appeal of the county court's refusal to compel arbitration pursuant to the settlement agreement. They contend that DeMarco had authority to execute the settlement agreement, the arbitration provision in the settlement agreement was therefore valid, and the county court abused its discretion in not compelling arbitration. PGD disputes DeMarco's authority to execute the agreement and the validity of the settlement agreement and argues that the county court did not abuse its discretion.

---

[5] Although appellants invoke the Texas Arbitration Act in their brief, *see generally* Tex. Civ. Prac. & Rem. Code §§ 171.001–.098, the settlement agreement does not refer to either the TAA or the Federal Arbitration Act, *see generally* 9 U.S.C. §§ 1–16.

***Standard of Review***

We review a denial of a motion to compel arbitration for an abuse of discretion. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009); *Weekley Homes*, 336 S.W.3d at 418. Under this standard we defer to the trial court's factual determinations if they are supported in the evidence but review the trial court's legal determinations de novo. *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013); *In re Labatt Food Serv.*, 279 S.W.3d at 643; *Weekley Homes*, 336 S.W.3d at 418. "Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves a valid arbitration agreement exists." *VSR Fin. Servs. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.—Dallas 2013, no pet.). Whether a valid arbitration agreement exists is a question we review de novo. *Rachal*, 403 S.W.3d at 843; *In re Labatt Food Serv.*, 279 S.W.3d at 643.

This issue also involves matters of statutory construction, which is a question of law that we review de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

***Analysis***

Appellants contend that DeMarco, as a manager of PGD, had authority to act on behalf of PGD in drafting and signing the settlement agreement that included the arbitration

7

provision. They cite Business Organizations Code section 101.251, which provides that managers of an LLC are its "governing authority," and section 101.254, which provides that each governing person vested with actual or apparent authority by the governing authority is an agent of company for purposes of carrying out the company's business. *See* Tex. Bus. Orgs. Code §§ 101.251, .254. Because DeMarco was a manager of PGD, appellants argue, he had authority to sign the settlement agreement on behalf of PGD, as well as on behalf of AGSI and himself individually, and the arbitration provision in the settlement agreement is enforceable and binding.

PGD argues that DeMarco's actions are controlled by section 101.255 of the Business Organizations Code. *See id.* § 101.255 ("Contracts or Transactions Involving Interested Governing Persons"). Section 101.255 provides, in relevant part, that an otherwise valid and enforceable contract or transaction between an LLC and a governing person or an entity in which a governing person is a managerial official or has a financial interest "is valid and enforceable, and is not void or voidable" if it is (1) known by or disclosed to and authorized by the "governing authority," i.e., the managers, or (2) fair to the company. *See id.* § 101.255(a), (b)(1)(A), (b)(2). PGD contends that DeMarco, as the sole owner of AGSI, is an "interested governing person" under section 101.255 and, consequently, the settlement agreement between AGSI and PGD had to be (1) known by or disclosed to and authorized by the managers, which included Denny, or (2) fair to PGD. PGD contends, and DeMarco does not dispute, that DeMarco entered the settlement agreement without informing Denny and that Denny did not otherwise know of the agreement. PGD also contends that on its face, the settlement agreement is not fair to PGD because it settles PGD's breach of contract claim for no

8

payment of money, when the prior settlement agreement had called for payment of $5,100 to PGD. Thus, PGD argues, the settlement agreement fails to meet either condition.

We agree with PGD that the settlement agreement, in which the arbitration provision was embedded, did not meet either of the requirements under section 101.255. As the sole owner of AGSI, DeMarco was a managerial official with a financial interest and thus was an "interested governing person" under the plain language of section 101.255. *See id.* § 101.255(a)(2); *Marks*, 319 S.W.3d at 663. It is undisputed that in drafting and signing the settlement agreement, and including an arbitration provision, DeMarco acted independently, without consulting or even informing Denny. Thus, it is undisputed that the "managers" of PGD were not aware of the agreement. *See id.* § 101.255(b)(1)(A). Further, unbeknownst to Denny, the settlement agreement released PGD's claims against AGSI and DeMarco in return for no consideration other than AGSI's release of claims against PGD, despite a prior offer of $5,100. Thus, the settlement agreement, with the arbitration clause, cannot be construed as "fair" to PGD applying the plain meaning of the term. *See id.* § 101.255(b)(2); *Webster's Third New Int'l Dictionary* 815 (2002) (defining "fair" as "characterized by honesty and justice" or "free from fraud, injustice, prejudice, or favoritism"). On this record, we cannot conclude that the parties entered into a valid and enforceable agreement to arbitrate. *See Weekley Homes*, 336 S.W.3d at 415, 421 (where promise to arbitrate in employment agreement was illusory, arbitration agreement not enforceable). We therefore conclude that the county court did not abuse its discretion in refusing to compel the parties to arbitrate.[6] *See Big Bass*

---

[6] In addition, there is no evidence in the record that the dispute was "first submitted to mediation," as required by the settlement agreement. Thus, even if we were to conclude that the settlement agreement was fair and the arbitration clause was valid and enforceable, appellants' attempt to enforce arbitration was premature, and we would conclude that the county court did not

*Towing Co. v. Akin*, 409 S.W.3d 835, 840–42 (Tex. App.—Dallas 2013, no pet.) (trial court did not abuse discretion in denying motion to compel arbitration where party did not sign arbitration agreement, had no notice of it, and did not ratify it). We overrule appellants' first issue as to their interlocutory appeal.

**Mandamus**

In the second part of their first issue, and in their second and third issues, appellants contend the county court abused its discretion in denying mandamus relief as to arbitration, vacation of the dismissal, and sanctions. As we have previously observed, this request for relief is contained in what is styled as an appeal. However, appellants expressly challenge the county court's denial of mandamus relief against the justice court and seek mandamus relief here under a clear abuse of discretion standard. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding) (one requirement relator must meet to be entitled to mandamus relief is to show trial court's clear abuse of discretion); *cf. Walden v. Baker*, No. 03-03-00253-CV, 2005 Tex. App. LEXIS 10446, at *1, *8 (Tex. App.—Austin Dec. 15, 2005, no pet.) (mem. op.) (appeal challenged county court's denial of writ of mandamus to justice court on grounds justice court lacked jurisdiction and did not seek mandamus relief in court of appeals).

Further, appellants do not appeal from a final judgment or order. The general rule is that an appeal may be taken only from a final judgment except where an interlocutory order is appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except

abuse its discretion in refusing to compel arbitration on this additional ground.

as necessary to carry out the decree. *Id.* Here, appellants sought mandamus against the justice court—the trial court—from the county court—sitting as the appellate court, putting this case in a different procedural posture from a final judgment in an original proceeding for mandamus initiated in the trial court, which is subject to appeal. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 & n.1 (Tex. 1991) (distinguishing between appeal from final judgment in original proceeding for writ of mandamus initiated in trial court and original proceeding for writ of mandamus filed in appellate court, and noting that former is civil action "subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit," while latter is governed by appellate rule 121, is not appealable to supreme court, but is reviewable by writ of mandamus in supreme court); *Simmons v. Kuzmich*, 166 S.W.3d 342, 345–46 (Tex. App.—Fort Worth 2005, no pet.) (abuse of discretion standard applicable to mandamus actions that originate in appellate courts not applied in appeals of mandamus action initiated in trial court).

The denial of mandamus relief that is sought ancillary to a pending proceeding, as appellants sought here, is not an adjudication on the merits. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (per curiam) (citing *In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004) (noting that "failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available")). Thus, the parties' claims remain pending in justice court, and the record contains no final order or judgment over which we have appellate jurisdiction. *See id.*; *Lehmann*, 39 S.W.3d at 195; *cf. City of Fort Worth v. Abbott*, 258 S.W.3d 320 (Tex. App.—Austin 2008, no pet.) (appeal from final order in mandamus proceeding initiated in trial court); *Simmons*, 166 S.W.3d 342 (appeal

11

from final judgment in original proceeding for writ of mandamus initiated in trial court); *see also Senter v. Hudson*, 28 S.W.3d 153 (Tex. App.—Fort Worth 2000, no pet.) (appeal from county criminal court of appeals' denial of post-conviction petition for writ of mandamus compelling municipal judge to accept appeal bond); *but see In re Shea*, No. 01-98-01088-CV, 1998 Tex. App. LEXIS 6493, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 9, 1998, orig. proceeding) (if county court denies petition for writ of mandamus against justice of peace, relief is to appeal from denial) (citing *Crowder v. Franks*, 870 S.W.2d 568, 571 (Tex. App.—Houston [1st Dist.] 1993, no writ) (involving appeal from final judgment)).

Accordingly, because appellants do not appeal from a final order or judgment and seek mandamus relief in this Court, to the extent of appellants' request for mandamus relief, we treat this case as a petition for writ of mandamus. *See CMH Homes*, 340 S.W.3d at 454 (remanding interlocutory appeal of appointment of arbitrator to court of appeals for consideration as petition for writ of mandamus where there was no interlocutory jurisdiction and appellant requested mandamus relief in court of appeals and preserved issue in supreme court); *Powell v. Stover*, 165 S.W.3d 322, 324 n.1 (Tex. 2005) (orig. proceeding) (treating case styled as appeal as petition for writ of mandamus where relator challenged denial of mandamus relief and did not appeal from final order);[7] *Westbrook v. Fondren*, No. 02-09-00173-CV, 2009 Tex. App. LEXIS 7198, at *5 (Tex. App.—Fort Worth Sept. 10, 2009, no pet.) (mem. op.) (per curiam) (where court had no statutory authority to

_____

[7] In *Powell*, the trial court denied relator's plea in abatement and motion to dismiss for lack of jurisdiction, and the court of appeals denied mandamus relief. *See Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005). The relator "appealed" the decision, and the supreme court treated the case as a petition for writ of mandamus and granted writ of mandamus against the trial court. *See id.* at 324 n.1, 328.

review trial court's interlocutory order denying temporary restraining order, appeal dismissed for want of jurisdiction and case considered as petition for writ of mandamus); *see also Texas Comm'n on Human Rights v. Morrison*, 381 S.W.3d 533, 536–37 (Tex. 2012) (observing supreme court has long favored common sense application of rules over technical approach that promotes form over substance); *In re Cavazos*, No. 03-15-00005-CV, 2015 Tex. App. LEXIS 633, at \*1 (Tex. App.—Austin Jan. 23, 2015, orig. proceeding) (mem. op.) (looking to substance of motion rather than title and construing "Nunc Pro Tunc Request for Order to Correct Records" as petition for mandamus).

Although neither party has raised the issue, we next consider our mandamus jurisdiction over this matter sua sponte. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 587 (Tex. 2012) (op. on reh'g). "[A] court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *University of Tex. Sw. Med. Ctr. At Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004), *superceded on other grounds*, Act of May 25, 2005, 79th Leg. R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at Tex. Gov't Code § 311.034). Because it is a legal question, we review de novo whether this Court has jurisdiction. *University of Hous. v. Barth*, 403 S.W.3d 851, 854 (Tex. 2013) (per curiam); *Weekley Homes*, 336 S.W.3d at 417. If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the petition. *Weekley Homes*, 336 S.W.3d at 417; *IFS Sec. Grp., Inc. v. American Equity Ins. Co.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.).

Appellants ask this Court to "mandamus the County Court at Law" and order it to vacate the orders entered by the justice court vacating dismissal, denying AGSI's motion to compel

arbitration, and awarding sanctions against DeMarco and Short. In considering appellants' petition for writ of mandamus, we are required to focus on the ruling of the justice court. *See Powell*, 165 S.W.3d at 324 (in considering relator's petition, court focuses on trial court's ruling). Our focus must remain on the justice court's orders regardless of the county court's decision on mandamus. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding) ("Our focus remains on the trial court's order regardless of the court of appeals' decision on mandamus."). "We make an independent inquiry whether the trial court's order is so arbitrary, unreasonable, or . . . prejudicial . . . as to establish abuse of discretion." *Id.*; *see In re Lee*, 411 S.W.3d 445, 461 (Tex. 2013) (orig. proceeding) (granting mandamus relief ordering trial court to withdraw orders denying entry of judgment based on mediated settlement agreement and setting matter for trial where court of appeals denied petition for mandamus); *In re Dean*, 393 S.W.3d 741, 750–51 (Tex. 2012) (orig. proceeding) (granting writ of mandamus ordering trial court to confer with New Mexico Court of Appeals pursuant to Family Code where court of appeals denied mandamus relief); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 690 (Tex. 2012) (orig. proceeding) (granting writ of mandamus ordering trial court to vacate judgment where court of appeals denied mandamus relief). Thus, in seeking relief from the county court's denial of mandamus, appellants are in essence asking us to issue mandamus against the justices of the peace who issued the challenged orders while sitting as judge of the justice court. *See* Tex. Gov't Code § 28.002, *repealed by* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Gen. Laws 5206, 5225 (justice of peace sits as judge of justice court).

We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction. *See id.* § 22.221 (writ power of court of appeals); *Mullins v. Holt*, No. 10-13-00114-CV, 2013 Tex. App. LEXIS 6128, at *8 (Tex. App.—Waco May 9, 2013, no pet.) (mem. op.) (court of appeals has no jurisdiction to issue writ of mandamus against judge of justice court unless necessary to preserve jurisdiction); *Rodriguez v. Womack*, No. 14-10-01213-CV, 2012 Tex. App. LEXIS 49, at *5 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (noting court of appeals' lack of jurisdiction to issue mandamus against justice court). Appellants do not argue or show that a writ of mandamus is necessary to preserve our jurisdiction. Therefore, we lack jurisdiction to issue a writ of mandamus against the justice of the peace or justice court. *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam) (where appellants did not argue or show writ was necessary to preserve jurisdiction, appellate court lacked jurisdiction to issue writ of mandamus against justice of peace). Where we have no jurisdiction to issue mandamus against the justice of the peace or justice court directly, we cannot conclude that the record affirmatively demonstrates that we have jurisdiction to do so indirectly by way of the county court, as appellants ask us to do. *See Weekley Homes*, 336 S.W.3d at 417; *IFS Sec. Grp.*, 175 S.W.3d at 562. We therefore dismiss for

15

want of jurisdiction appellants' request for mandamus relief as stated in issues one through three.[8]

*See Weekley Homes*, 336 S.W.3d at 417; *IFS Sec. Grp.*, 175 S.W.3d at 562.

**Frivolous Appeal**

As a final matter, PGD contends that this appeal is frivolous and asks this Court to sanction appellants pursuant to Texas Rule of Appellate Procedure 45. *See* Tex. R. App. P. 45 (appellate court may award prevailing party just damages if it determines appeal is frivolous). To determine if an appeal is frivolous, we apply an objective test, review the record from the appellant's point of view, and decide whether he had reasonable grounds to believe the judgment could be reversed. *Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.*, 940 S.W.2d 150, 155 (Tex. App.—San Antonio 1996, no writ); *Hunt v. CIT Group/Consumer Fin., Inc.*, No. 03-09-00046-CV, 2010 Tex. App. LEXIS 2767, at *27 (Tex. App.—Austin Apr. 15, 2010, pet. denied) (mem. op.). "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Ackel v. Ackel*, No. 01-11-00061-CV, 2011 Tex. App. LEXIS 8958, at *5 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, no pet.) (mem. op.). Having fully considered PGD's request for sanctions, we deny that request. *See* Tex. R. App. P. 45.

---

[8] Even if we were to conclude we have jurisdiction, mandamus relief would not be proper. This cause is still pending in justice court. Once the justice court has ruled, appellants may then appeal to the county court. *See* Tex. Gov't Code § 28.052, *repealed by* Act of June 27, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Gen. Laws 5206, 5225. Since appeal to the county court is trial do novo, appellants can re-urge their arguments in the county court. *See id.*; Tex. R. Civ. P. 574b, repealed 2013. Therefore, appellants have an adequate remedy at law, and mandamus relief is not proper. *See Grimm v. Garner*, 589 S.W.2d 955, 955, 957 (Tex. 1979); *In re A.F.* No. 05-05-01435-CV, 2006 Tex. App. LEXIS 5483, at *2, *4–5 (Tex. App.—Dallas June 13, 2006, pet. denied) (mem. op.).

## CONCLUSION

We affirm the trial court's order refusing to compel arbitration and dismiss the mandamus petition for want of jurisdiction in all other respects.[9]

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed in Part; Dismissed in Part for Want of Jurisdiction

Filed:   April 23, 2015

---

[9] Appellants have filed a motion to abate this appeal pending this Court's ruling on its prior petition for writ on mandamus.  We dismiss the motion as moot.

17